Joseph J asp an, J.
The defendant was indicted for criminal possession of a controlled substance in the first degree, a class A-l felony, and for the crime of criminal possession of a controlled substance in the fifth degree, a class C felony. He now moves pursuant to CPL 210.40 for dismissal in the interests of justice.
An effective argument urged in support of the motion is that the drugs were in effect supplied by the police and that the defendant was entrapped as a matter of law. (United States v Bueno, 447 F2d 903.) The defendant also denies that he ever had physical or constructive possession as a matter of law and as further support for his contention submitted the results of a lie detector test and evidence of his reputation for honesty and veracity.
On December 31, 1973, the critical date, the defendant, Jeffrey Wayne Stein, was a student at State University at Stony Brook, residing at the dormitory known as Irving *1082 College. A package, apparently mailed from Nepal, was addressed to a Jeffrey Stein at Hand College, another dormitory on the same campus. At the direction of law enforcement officials, the package was directed to the Irving College dormitory and the defendant was advised he could claim it upon a showing of proper identification. It appears that the police expected the delivery of the package and had it under surveillance from the point of entry into the United States and in fact manipulated the manner in which it would be delivered to the defendant so that they would not accidentally lose control of it. However, this conduct gives rise to the factual and legal issue of entrapment.
According to the defendant he was not expecting the package, but since it was addressed to his name, he and some friends took it into one of their rooms where it was opened and found to contain what appeared to be two books in an antique binding. Upon opening one of the books they found that the pages had been hollowed out and in it was a powdery substance which the defendant spontaneously described as "hash” and later found to be opium. Before the defendant or anyone could open the second book, the police entered and arrested defendant for possession of a controlled substance. The second volume contained marijuana. The present indictment ensued.
The defendant’s testimony is to the effect that he never ordered anything from Nepal or India, that he did not expect the package, was unaware of its contents, never had exclusive possession of it, never intended to exercise dominion and control over it, and that it was opened out of pure curiosity.
The defendant has, in effect, presented his defense and upon this unilateral offering asks that the case be dismissed against him. Such a presentation does not meet the standards suggested by People v Clayton (41 AD2d 204), or is it sufficient to trigger the exercise of discretion "based upon a 'sensitive’ balancing of the interests of the individual and the State” (People v Belkota, 50 AD2d 118, 120).
It is entirely possible that the defendant can establish his innocence as a matter of fact or entrapment as a matter of law pursuant to the Bueno rule but a decision at this point in his favor would deny to the People the opportunity to offer their proof. The defendant really seeks summary judgment in this criminal matter through the vehicle of a motion for *1083 dismissal in the interests of justice. No such remedy is available to him.
The motion to dismiss is denied.