■ The People of the State of New York, Appellant, v Arnold Sbarra and Mok Lam Wong, Respondents.—Order of the Supreme Court, New York County, entered December 31, 1975, which dismissed the indictment on speedy trial grounds pursuant to CPL 30.30, unanimously reversed, on the law and the facts, and the indictment reinstated. Defendants were arrested on February 28, 1975 and were arraigned on the felony complaint the following day. In an indictment filed March 20, 1975, they were charged with coercion in the first degree, grand larceny in the first degree and petit larceny. After arraignment on the indictment on April 8, 1975, they pleaded not guilty. Thereafter the case was on the calendar nine times, the last on November 13, 1975. At that time the Trial Term Justice upon being advised that the Assistant District Attorney handling the case was not ready for trial because he was presently trying a rape case, *sua sponte,* dismissed the indictment pursuant to CPL 30.30. Examination of the record discloses that the delay chargeable to the People totals 3 months, 20 days. All other adjournments were either at the behest of defense counsel or with his consent and were marked excludable on the indictment. Such adjournments are excluded in computing the six-month period (CPL 30.30, subd 4, par [b]; *People v Kwok Ming Chan,* 45 AD2d 613). Further, Trial Term erred in not requiring a motion to be made in writing with notice to the People *(People v Kwok Ming Chan, supra; People v Pichkur,* 52 AD2d 852; *People v Clayton,* 41 AD2d 204; CPL 210.45). However, in view of the substantive and unrebutted showing made by the People on this appeal, there is no necessity to remand the matter for a hearing. As heretofore declared: "[w]e are not unmindful of the calendar burdens of the Trial Judge, but dismissal of an indictment must adhere to the procedural and substantive mandates of the

law" *(People v Kwok Ming Chan, supra,* p 615). Parenthetically, it is noted that defendants will not now be heard to complain that the appeal should be dismissed for failure to prosecute after said appeal has been perfected and without defendants moving at any time to dismiss for failure to prosecute. Concur—Murphy, Lupiano, Silverman and Nunez, JJ.; Kupferman, J. P., concurs on constraint of *People v Kwok Ming Chan* (45 AD2d 613).