Chief Judge Fuld.
On the evening, of April 4, 1972, the defendants, 10 teenagers, were arrested and charged with disorderly conduct, a violation, for engaging in a fight which “ resulted in traffic being stopped ” on Main Street in Buffalo (Penal Law, § 240.20, subd. 1). Following their arraignment in the city court, the cases were set down for trial. On April 11, the day before the scheduled trial, a representative of the corporation counsel — who prosecutes violations in Buffalo — spoke to the city court judge (Mazur, J.) and told him that he “ would like to get out earl[y] ” on the 12th. The judge replied that he would “ make every attempt ” to accommodate him and dispose of his cases “ as soon as possible.”
When the court convened on April .12, at 9:30 a.m., its usual starting time, all 10 defendants were present. However, neither the prosecutor nor the arresting officers — who were the complaining witnesses — were in court. Judge Mazur thereupon directed a court attendant to ’phone the corporation counsel and inquire- as to his absence and, at 10:15 a.m., he ordered a short recess. After reconvening almost an hour later, the judge, noting that the prosecutor had not yet arrived, directed that another call be made to him and again declared a recess. The. court, reconvening sometime after 11:30 a.m., called the defendants’ cases for trial and, when it appeared that, although all the defendants were still in court and ready, neither the corporation counsel nor the arresting officers were present, Judge Mazur, on his own motion, dismissed the informations “ in the interest of justice ” pursuant to GPL 170.40.[1]
In reaching that conclusion, he wrote that it would “ not be just or fair ’ ’ to continue proceedings against teenagers who had already been subjected to arrest, arraignment and bail on ‘[1] mere, violations ” which had resulted in “ no damage or injuries.” He noted, in addition, that the defendants had waited with their families, ready for trial, for “ about three hours ” and that, throughout that period, the prosecutor and police, by their *195 absence, gave no “ indication ” that they were “ still interested in [the] prosecution.” Those “ compelling factors ” led him to dismiss the charges against the defendants [1] ‘ in the interest of justice.”[2]
The Erie County Court, on appeal, reversed Judge Mazur’s order “on the law alone’’.and directed restoration of the charges against the defendants. The city court, in dismissing the informations, had, the county court judge said, acted improvidently, “ beyond the scope of the authority granted to it by law.”
The appeal — leave having been granted by an associate judge "of this court — is properly before us, since the order of the county court recites, in a marginal notation added by the judge of that court, that the reversal was “ on the law alone ”. If there.could be any possible doubt of that, it is dispelled by a consideration of the county court judge’s opinion. “ The only question before me ”, he stated, “ is whether the Court below in dismissing these informations * * * acted beyond the scope of the authority granted to it by law.” It is, of course, indisputable that that issue is one of law. (See, e.g., Bunim v. Bunim, 298 N. Y. 391, 393-394; Jensen v. Union Ry. Co., 260 N. Y. 1,13-14 [per Crane, J., dissenting]; see, also, Cohen and Karger, Powers of the New York Court of Appeals, pp. 615-616, 745.)
*196 We turn, then, to the merits of the appeal. Although the decision to dismiss an information lies within the discretion of the trial judge (CPL 170.40, subd. 1), it is clear that that discretion is neither absolute nor uncontrolled. (See People v. Wooster, 17 N Y 2d 893, 894; see, also, People v. Wagner, 15 N Y 2d 799, 800; People v. Alfonso, 6 N Y 2d 225, 229.) However, we are unable to say that the city court judge in this case abused the discretion conferred upon him by statute when he dismissed the informations against these defendants. The absence of the prosecutor and arresting officers caused an inexcusable and unjustified imposition on the time of the trial court and the defendants and their families. It is of high significance that, despite the prosecutor’s request to the city court to have the cases placed on the calendar and disposed of early in the day, he did not appear. His failure to attend was, therefore, clearly inconsistent with an intention on the part of the People to diligently prosecute the defendants. Even if it be true, as the corporation counsel alleges, that he was first notified at eleven o’clock that his cases would be called for trial in 30 minutes, he does not explain why neither he nor the complaining witnesses did not appear at the courthouse at 11:30. The' trial judge also took into consideration, and quite properly, that the youthful defendants had been charged with violations, causative of neither damage nor injury, had already been required to post bail and return for trial and that any further proceedings would •necessitate additional expense and would force the defendants to lose more time from work or school.
The order appealed from should be reversed and the order of the city court, dismissing the informations, reinstated.

. The corporation counsel, who arrived later, stated in an affidavit submitted, to the county court — in connection with his appeal to that tribunal — that he. had waited, in accord with his usual “ practice,” in his office until he was informed that his eases were going to be called for trial. That notification, he alleged, had not reached him until 11:00 a.m., only 30 minutes before the court dismissed the informations.

. His statement in somewhat greater detail reads, in part, as follows: “ To simply permit, as a matter of rule, the dismissals of minor charges without prejudice would not tend to correct the serious problem, [of police absences and tardiness] and would, as it often does, result in additional expenses (e.g. court ’ time, serving of warrants, new bail, payment for attendance of police in court, etc.) and would require the defendants to appear in court again, lose more time from work or school and possibly be re-arrested and post bail again. Certainly these very real and likely consequences must be weighed in relation to the likely success or benefits hoped to be obtained from further prosecution. c ° * The charges involved are merely violations and not misdemeanors or felonies and, from all appearances, resulted in no damage or. injuries. * 6 1 The defendants have already been caused to be detained at Police Headquarters, they have been compelled to raise and post bail, they now (as a result of these charges) have an arrest, record which might restrict job opportunities, and they have, been caused to wait for a trial for about three hours without any indication that the police were still interested in prosecution. * * 6 [I]n short, all of the above facts, factors and conclusions constitute compelling factors for a dismissal of the charges herein in the interest of justice.”