THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* KWOK MING CHAN, Respondent.

First Department, October 31, 1974.

614

*Edward McDonald* of counsel (*Lewis R. Friedman* with him on the brief; *Richard H. Kuh, District Attorney*), for appellant.

*Daniel J. Brooks* of counsel (*William E. Hellerstein* and *William J. Gallagher,* attorneys), for respondent.

*Per Curiam.* This is an appeal from an order of the Supreme Court, New York County (Leff, J.), entered on March 25, 1974, which dismissed, pursuant to CPL 210.40, the indictment charging reckless endangerment in the first degree and possession of a weapon, a loaded pistol, as a felony.

Defendant moved for dismissal of the indictment on November 5, 1973, pursuant to CPL 210.20, upon the ground of denial of the constitutional and statutory right to a speedy trial.

On November 19, 1973, the return day of the motion, the case appeared before a Judge who had not, prior thereto, presided in the action. The moving papers asserted some 14 adjournments since the return of the indictment on October 5, 1972, and alleged the defendant was not responsible for the delay. In opposition, the Assistant District Attorney informed the court that virtually all of the adjournments were " excludable ". (CPL 30.30, subd. 4.) The court granted an adjournment to the People, not excludable, and marked the case for December 6, 1973: " Dismiss or tried ", and so informed the parties.

On December 6, 1973, the Assistant District Attorney requested an adjournment until the end of the following week upon the grounds a detective witness was then in Toledo, Ohio, and further investigation was necessary regarding defendant's claim that another was the perpetrator. The Assistant District Attorney again informed the court that contrary to defendant's allegations, with two or three exceptions, every adjournment had been marked " excludable ".

The court stated: " Here we have a defendant on his 18th birthday facing a serious criminal charge [the court had earlier noted the defendant who was at liberty on minimal bail had ' never been arrested before '] he has the right of a fair and speedy trial through the spirit of the law, the jacket does not reflect a long string of excludable adjournments. This rule did not come into effect until some time last year, the excludable adjournment is October 24, 1972 to November 25, 1972." The court then dismissed the indictment " under Section 210.40 of the Criminal Procedure Law."

We are not unmindful of the calendar burdens of the Trial Judge, but dismissal of an indictment must adhere to the procedural and substantive mandates of the law.

Transcripts of the prior proceedings, prepared subsequent to the December 6, 1973 dismissal from the Bench, indicate that the defendant requested and was granted adjournments from November 28, 1972 to February 6, 1973, and that with the exception of some six periods *from the date of the felony complaint,* totaling less than three months, all of the adjournments were marked " excludable ". Further, the adjournments were either consented to or acquiesced in by defendant.

The trial court's finding that only one adjournment was excludable constitutes an all-pervasive reversible error even if we view the dismissal upon the grounds of the defendant's motion, to wit, denial of the constitutional and statutory right to a speedy trial. (CPL 30.30, subd. 4.) (*Barker* v. *Wingo,* 407 U. S. 514; see *People* v. *Timothy,* 34 N Y 2d 867, 868; *People* v. *Blakley,* 34 N Y 2d 311, 316–317.)

Dismissal was expressly granted under CPL 210.40. CPL 210.40 is not a catch-all residuary clause authorizing dismissal as an exercise of absolute discretion. Rather is dismissal upon that ground governed by the substantive standard set forth in the provision and the procedural requirements of specific notice, hearing, and findings, even when the consideration of dismissal upon that ground is *sua sponte.* (*People* v. *Clayton,*

41 A D 2d 204.) Dismissal of an indictment in the furtherance of justice must rest upon a " sensitive balancing " of the interests of the individual and the State, which in turn, requires considerations more comprehensive than the instant record discloses (pp. 207–208).

Accordingly, we reverse and remand, on the law and the facts, for a hearing before another Justice, on notice to the parties, for the purpose of determining whether, pursuant to CPL 210.40, the indictment against the defendant should be dismissed in the furtherance of justice.

KUPFERMAN, J. (dissenting). I would affirm. The trial court did not abuse its discretion. As the facts are presented, the defendant has no record of arrests or convictions other than the indictment in question. While the defendant spoke English, it had been determined at one of the hearings that there was to be a Chinese interpreter, Cantonese dialect. He was at liberty on bail. His attorney contended, although it was not necessarily established, that he was denied a speedy trial, because of some 14 adjournments.

He had been arraigned on October 16, 1972, and the hearing at which the indictment was dismissed was on December 6, 1973. His attorney contended that in November, 1972 he had supplied to the People the name of a possible other perpetrator.

On November 19, 1973, the attorney for the defendant remonstrated that the defendant was employed and threatened with dismissal every time he took a day off, and the court finally stated to the People's representative: " I'll put this case on for dismissal or trial on December 5th. If you are not ready to go to trial on that date, the case, I will tell you now, will be dismissed."*

On the appointed day, the People offered the explanation that the trial could not take place because the detective who would testify was in Ohio, and that an investigation was continuing with respect to the other possible perpetrator. While the court mentioned a speedy trial and dismissed the indictment under CPL 210.40, the case of *People* v. *Wingard* (33 N Y 2d 192 [1973]) supports the trial court's determination. A hearing pursuant to *People* v. *Clayton* (41 A D 2d 204 [2d Dept., 1973]) would avail nothing.

---

* The other side of the coin perhaps may be found in the situation considered in *United States* v. *Maxey* (498 F. 2d 474, 477–478, 483 [2d Cir., 1974]).

McGivern, P. J., Nunez, Murphy and Lupiano, JJ., concur in *Per Curiam* opinion; Kupferman, J., dissents in an opinion.

Order, Supreme Court, New York County, entered on March 25, 1974, reversed, on the law and the facts, and the matter remanded for a hearing before another Justice, on notice to the parties, for the purpose of determining whether, pursuant to CPL 210.40, the indictment against the defendant should be dismissed in the furtherance of justice.