Hogan, P. J.
(dissenting). I dissent and vote to affirm the order dismissing the information.
The record shows that at all times defendant was ready and willing to proceed to trial. The three and one-half month delay was the result of the People’s inaction. The minutes of July 3 illustrate the defendant’s insistence on early trial:
"the court: R.O.C. September 3, 1974, 9:30 for conference.
"mr. mercurio: I’d rather not have a conference on this. I’d rather go right to trial on this.
"the court: It might do some good to have a conference. Whatever Judge you are going to come in front of is going to try to conference it anyway. Maybe the charge will be dismissed in the conference.
"mr. mercurio: Your Honor, I’d rather go right to trial.
"the court: Part I, September 3, 1974. Defendant waives conference”.
The People’s assertion that this decision to waive a conference and to seek a trial on September 3 is a continuance to be attributed to defendant is ludicrous. The defendant could do no more than that which he did.
From the minutes of October 24, one again discerns that the reason the September 3 trial date was aborted was the lack of preparation on the part of the People:
"mr. mercurio: On September 3rd at the call of the calendar before Judge Diamond the people said they were not ready and I agreed to an adjournment and I asked them to pick the date because my client works for Dime Savings Bank, Your Honor. And I even had to call them personally to get them to release him again today. And the People said they would be ready for sure on October 24th. And that’s the way I accepted it and that’s the way I went about it”.
*318 On October 24 the People again were not ready when the court convened in the morning, offering the unavailability of witnesses as an excuse:
"mr. doddato: It was the People’s understanding that this case would go to a jury and on that understanding we set it down for today. We felt we would have time to get our witnesses in this afternoon. I was informed this morning this case would go non-jury. It’s one of the reasons the People are not ready at this time.
"mr. mercurio: Your Honor, this is the first I know of this, your Honor.
"the court: Motion denied. Defendant’s motion is granted. Case dismissed”.
Defendant’s culpability in this delay is once again nonexistent.
Furthermore, the People’s insistence that the period from September 3 to October 24 should be excluded from the operation of the ready rule because of "exceptional circumstances” under CPL 30.30 (subd 4, par [g]) is without merit. The gathering of witnesses and obtaining of accident reports is routine and certainly not deserving of such preferential treatment. In this case the People have not been prepared to proceed in a relatively simple and uncomplicated trial.
Finally, the Court of Appeals in People v Wingard (33 NY2d 192, 195) has recently held that a Judge may, on his own motion, dismiss informations "in the interest of justice,” thus abrogating formal notice requirements. In the instant case the motion to dismiss was made by defense counsel in open court, which permitted full argument by the People. The court in People v Wingard (supra), exercised its discretion in dismissing the case when neither the corporation counsel nor the arresting officers appeared in court for trial eight days after arraignment on an information. The instant case presents a far more heinous delay, and, accordingly, I would affirm the judgment of the trial court to dismiss the information.
Gagliardi and Glickman, JJ., concur in memorandum; Hogan, P. J., dissents in separate memorandum.