THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN E. BELKOTA, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARLES J. PAWLOSKI, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TERRENCE J. LEMIEUX, Respondent.

Fourth Department, December 17, 1975

*Aldo L. Di Florio, District Attorney (Peter L. Broderick,* of counsel), for appellant.

*Stanley Grossman* for respondents.

SIMONS, J. The District Attorney appeals from three orders which dismissed the indictments against these defendants in the "interest of justice" (CPL § 210.20, subd 1, par [i], § 210.40). At the time of the crimes charged, defendants were

police officers of the Niagara Falls Police Department and assigned to a confidential unit engaged in undercover work.

Defendant Belkota was indicted for three counts of unlawful selling of a dangerous drug, third degree (Penal Law, former § 220.35) and two counts of eavesdropping (Penal Law, § 250.05). The indictment alleges that he distributed heroin to three different informers, all drug addicts, in exchange for information about the drug traffic in Niagara Falls and that two illegal wiretaps were made at his direction to learn similar information. Defendant Lemieux was indicted for four counts of perjury, second degree (Penal Law, § 210.10) and three counts of perjury, first degree (Penal Law, § 210.15). Defendant Pawloski was indicted for eight counts of perjury, second degree (Penal Law, § 210.10) and one count of perjury, first degree (Penal Law, § 210.15). The second degree perjury charges relate to affidavits allegedly containing false statements of probable cause and made by each defendant for the purpose of obtaining search warrants. The first degree perjury charges relate to testimony given by Lemieux and Pawloski during criminal trials of defendants charged with drug crimes.

CPL 210.20, subd 1, par [i] provides that there may be a dismissal of an indictment not only for defects in procedure or substance but, further than that, the court may, in its discretion, dismiss an indictment in the interests of justice, irrespective of guilt or innocence, in those rare and compelling instances in which the public interests and the individual interest of the accused coincide and permit the court to exercise forbearance. The statute (CPL 210.40) permits dismissal "when, even though there may be no basis for dismissal as a matter of law * * * such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice." The exercise of this discretion requires a value judgment by the court based upon a "sensitive" balancing of the interests of the individual and the State (People v Clayton, 41 AD2d 204, 208). The court's discretion is not absolute and is to be exercised sparingly (People v Wingard, 33 NY2d 192, 196; People v Kwok Ming Chan, 45 AD2d 613, 615; People v Clayton, supra).

Addressing itself to the respective interests of the State and the individual defendants, the trial court found, after a hearing, that dismissal of these indictments was warranted be-

cause defendants (1) had extraordinary records as police officers, their efforts had benefitted the community and "significantly dented" the narcotics and accompanying criminal activity in Niagara Falls and they had substantial family roots in the community, (2) the crimes charged were victimless, (3) there was no pecuniary profit to any of defendants and the acts occurred during the course of defendants' duties as police officers, (4) that defendants had suffered enough by reason of the indictments and the attendant publicity and their further punishment would not be a deterrent to crime, (5) that there were serious questions about available evidence to prove guilt because the prosecution's case necessarily rested upon the testimony of known narcotic addicts with long criminal records, (6) defendants had not been suspended from duty when indicted, and (7) the "public interest would not be outraged" by dismissal of the indictment.

There is little dispute about the facts established at the hearings. The District Attorney conceded that the three defendants did not have prior criminal records and that they had good records as police officers. However, the conclusions drawn from those and other facts in the record are erroneous and do not warrant the dismissals.

The incidental benefits which may have accrued to the public from the illegal conduct of these defendants cannot excuse the acts charged in the indictments and the defendants' good records should not obscure the fact that Lieutenant Belkota is charged with five felonies, not arising out of one incident, but rather from five separate and distinct incidents; that Officer Lemieux is similarly charged with seven separate felonies and Officer Pawloski with nine separate felonies. The belief that the end justifies the means has no place in our legal system and reliance upon such a consideration is not only ill-founded but promotes lawlessness on the part of police officers.

Furthermore, we are unable to agree with the trial court's conclusion that these were victimless crimes. If the allegations are true, three heroin addicts had their habits supplied by police officers for a period of months, two private citizens had their privacy invaded by illegal wiretaps, searches of 22 persons were authorized as the result of perjured affidavits demonstrating probable cause and three persons may have been convicted of crimes in part due to perjured testimony. On a larger view of the matter, however, the courts and society

generally have been victimized by officers sworn to uphold the law who have violated it instead.

Considering other points briefly, the quality of the proof because the prosecution witnesses may be felons or addicts is a matter to be weighed by the trier of facts and not grounds for dismissal in the interests of justice (cf. *People v Kass,* 81 Misc 2d 1075) and the fact that these officers were not suspended by their superiors after indictment is a circumstance without probative value.

The trial court stated that the acts were done in the performance of defendants' police duties and were without personal profit to them. Surely, a crime becomes no less a crime when performed by a public officer and may well be considered by some to be worse. It has been said before that police officers occupy a unique role in our society which requires the highest standard of integrity so that confidence in law enforcement may be maintained (see *Matter of Halloran v Kirwan,* 28 NY2d 689, dissenting opn per BREITEL, J., pp 693–694 and cases cited there). This court has had occasion to comment on the conduct of those participating in the legal process who distort or conceal evidence or hinder the courts in the lawful performance of their duties. We have condemned such acts, for they strike at the very heart of our system for the administration of justice (see *Matter of Hall,* 43 AD2d 465, 475–476; *Matter of Dallal,* 31 AD2d 442, 447). The public interest requires that such charges be answered and, if proven true, that the guilty be punished.

The trial court abused its discretion in dismissing the indictments. The orders should be reversed and the indictments reinstated.

MARSH, P. J., MAHONEY, GOLDMAN and DEL VECCHIO, JJ., concur.

Orders unanimously reversed on the law and indictments reinstated.