■  THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY N. BENEVENTO, Respondent.—Order unanimously reversed, on the law and the facts, indictment reinstated, and case remitted to the Monroe County Court for a hearing in accordance with the following memorandum: The People have appealed from an order dismissing an indictment charging defendant with criminal possession of a forged instrument, second degree. The sole issue is whether the trial court abused its discretion in dismissing the indictment in the furtherance of justice pursuant to CPL 210.40. The court gave as its reasons for granting the motion: that because the check for $75 was never negotiated, no one suffered a financial loss; that, according to an out-of-court telephone report to the Trial Judge by a doctor, defendant was suffering from lymph edema and had to remain in a horizontal position, under a doctor's care; that defendant would, in any event, be returned to Attica Correctional Facility as he had violated parole and waived a parole revocation hearing; that because of time the defendant had served for an earlier offense, any minimum sentence that might be imposed for this offense would have no effect on any additional time defendant had left to serve; and that the county's cost of maintaining the defendant pending trial was disproportionate to the nature of the charge against him. The contentions concerning the defendant's health and the effect of the sentence on the time to be served were not set forth in defendant's moving papers, but were raised for the first time by defense counsel on the argument. No sworn testimony or affidavit appears in the record to support such reasons for dismissing the indictment. Instead the court apparently relied solely on its own, unrecorded, informal out-of-court conversations with the doctor concerning defendant's state of health, and with the New York Department of Correction concerning the potential effect of any sentence on the time defendant had left to serve. Further, the court's "investigation" was conducted out of the presence of both counsel. The order should be reversed, the indictment reinstated and the case remitted for a hearing consistent with the guidelines established in *People v Clayton* (41 AD2d 204, 207–208). The discretion of the trial court to dismiss an indictment in furtherance of justice pursuant to CPL 210.40 is not absolute *(People v Kwok Ming Chan,* 45 AD2d 613, 615–616; and see *People v Wingard,* 33 NY2d 192, 196), but requires a value judgment "based upon a 'sensitive' balancing of the interests of the individual and the State" *(People v Belkota,* 50 AD2d 118, 120; and see *People v Isaacson,* 56 AD2d 220, 224; *People v Trottie,* 47 AD2d 751; *People v Clayton, supra).* There appears upon this record no factual basis upon which the court could make such a value judgment. The informal procedure followed here is not sanctioned by the cases (see *People v Clayton, supra; People v Scroggins,* 56 AD2d 856), and to dismiss the indictment without proof of the matters considered by the court in its decision was an abuse of discretion. (Appeal from order of Monroe County Court—motion to dismiss indictment.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr., Denman, JJ.