OPINION OF THE COURT
Anthony K. Pomilio, J.
The above-entitled, petitions were filed on the same day, October 30, 1978, by Sergeant Otto J. Panara, Juvenile Aid Division, Rome Police Department, charging the respondent with having committed certain acts which if committed by an adult would constitute crimes. All three petitions allege that the respondent committed an act, which, if committed by an adult, would constitute the crime of burglary in the second degree as defined in section 140.25 (subd 1, par [a]) of the Penal Law as well as other crimes. All of the alleged acts occurred on the same day, October 11, 1978. On the return date for these petitions, November 14, 1978, the Law Guardian for the respondent moved to dismiss the petitions in the interest of justice. The matters were adjourned to December 1, 1978, at which time there was argument of the motion to dismiss. The court reserved its decision.
The respondent in the above petitions was previously petitioned into this court on October 13, 1978, in another juvenile delinquency petition, Docket No. D-30-78 (R). On October 20, 1978, this court, based on respondent’s admission, made a finding that the respondent was a juvenile delinquent in that she had committed an act, which, if committed by an adult, would constitute the crime of burglary in the second degree as defined in subdivision 2 of section 140.25 of the Penal Law. The same respondent was also petitioned into court as a person in need of supervision (Docket No. S-49-78 [R]) and the court found her to be a person in need of supervision at a hearing on October 31, 1978.
The Law Guardian points out that all of the acts in the above petitions occurred October 11, 1978, prior to the time of the admission of the juvenile delinquency charge in D-30-78 (R). He contends that had the respondent been aware that these petitions would have been filed, that the admission might not have occurred on October 20, 1978. The Law Guardian further contends that, basically, all of the above three petitions involve the same type of crime which the respondent had already admitted on October 20, 1978, and that no useful purpose would be served by pursuing the above three petitions *139 in view of the fact that the respondent has not been involved in further difficulty, and that she has been co-operative during the adjourned period for investigation and disposition of the two petitions in which the charge was admitted. The Law Guardian further argued that respondent’s rights have been jeopardized since an admission or a finding of felony in any of the above three petitions, added to the finding already made in D-30-78 (R), might require that she be charged with a designated felony under the amendment of the statute relating to designated felonies enacted in 1978. (L 1978, ch 478.) That statute provided that where there are two previous findings of delinquency based on a felony, a new petition alleging an act which, if committed by an adult would be a felony, must be petitioned as a designated felony, regardless of the age of the respondent and regardless of the fact that the act which is the subject of the new petition is not in and of itself a designated felony. Finally, it is the argument of the Law Guardian that no useful purpose would be served by a finding in these three petitions as the court’s ultimate disposition would be the same probably as the disposition to be made in the previous petitions.
Corporation Counsel opposed the granting of the motion on the basis that petitions were filed as timely as possible, that the respondent’s rights have not been jeopardized, that there was no understanding with the respondent that the admission of one petition would preclude further petitions, and the fact that she has not been in any further difficulty would not affect the filing of new petitions.
Subsequently, and on January 9, 1979, on the basis of adjudication of juvenile delinquency in D-30-78 (R), respondent was placed with the Oneida County Department of Social Services with the recommendation that she be placed in a residential facility for a period not to exceed 18 months. The petition in Docket No. S-49-78 (R) was dismissed in view of the disposition made in the delinquency matter.
The issues before the court are as follows: (1) Is the Family Court authorized to dismiss a juvenile delinquency petition in the furtherance of justice? (2) If so, would such a disposition be proper in the instance?
The Family Court Act contains no provision specifically authorizing a Family Court Judge to dismiss a juvenile delinquency petition in the furtherance of justice. It should also be noted that the act contains no provision precluding such a *140 dismissal. An examination of the case law indicates that this question has never been the subject of a written decision. It is our ruling that the absence of such a provision does not preclude Family Court from dismissing a juvenile delinquency petition in the interest of justice.
The matter of dismissal of a juvenile delinquency petition in the interest of justice has been the subject of a study by the Legislature. The Temporary State Commission on Child Welfare in June, 1978 completed the drafting of a proposed Juvenile Delinquent Procedural and Evidentiary Code. This proposed statute contains a provision authorizing such a dismissal by a Family Court Judge. The draftsmen of that proposal, in commenting on the omission of such a provision in the present law, stated (p 47) that the absence of such an omission is a rather odd omission, given the extremely wide discretion of the Family Court.
We also note that under the CPL any misdemeanor charge or any felony charge may be dismissed in the furtherance of justice (CPL 170.40, 210.40). These two sections together authorize a criminal court to discharge any criminal charge at all in the furtherance of justice, even a homicide charge.
Matter of Winship (397 US 358) and Matter of Gault (387 US 1), decisions of the United States Supreme Court in recent years, have held that juveniles must be afforded all the same rights and protections as are afforded an adult offender in a criminal proceeding. The major exception is the right to a trial by jury, which the Supreme Court did not regard as an essential part of the due process to be afforded a juvenile (McKeiver v Pennsylvania, 403 US 528).
It would follow that since a respondent in a juvenile delinquency proceeding must be afforded virtually the same basic rights as an adult criminal defendant and since the Family Court, in the absence of any contrary provision by statute or case law has broad discretion, we hold that Family Court Judge is authorized under the present law to dismiss a juvenile delinquency petition in the furtherance of justice. We would hold further that the same standards applicable under the afore-mentioned provisions of the CPL should be followed.
We now turn to the question of whether such a disposition would be proper in these cases. CPL 170.40 and 210.40 read substantially the same and provide in pertinent part: "[The Accusatory Instrument] may be dismissed in furtherance of justice * * * when, even though there may be no basis *141 for a dismissal as a matter of law * * * such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such [accusatory instrument] would constitute or result in a injustice.” (CPL 210.40, subd 1.)
A dismissal in the furtherance of justice depends solely upon the justice that would be served by such a disposition and does not depend upon either the innocence or guilt of the accused. (People v Quill, 11 Misc 2d 512, 513; People v Stern, 83 Misc 2d 935.) Such a dismissal is proper where justice would be served thereby, although there is no basis, as a matter of law, for a dismissal. (People v Dibono, 82 Misc 2d 177.) The purpose of this discretionary authority is to allow the letter of the law to succumb to the spirit of the law in certain rare instances. (People v O’Neill, 85 Misc 2d 130.)
Although the CPL itself makes no reference to the guidelines upon which a court should base its discretion, guidiance as to which factor and circumstance would justify such a dismissal may be culled from decisions under these sections. The leading case in this area is People v Clayton (41 AD2d 204). That case enumerated various factors which should be considered in determining the propriety of a dismissal in the furtherance of justice.
While this case was decided under CPL 210.40, it has been also cited as a guide under CPL 170.40 (People v Stern, supra).
Some of the factors to be so considered are: (a) the punishment already suffered by the accused; (b) the purpose and effect of further punishment; (c) any prejudice resulting to the accused from the passage of time; and (d) the impact on the public interest of such a dismissal.
Respondent has already been placed with the Oneida County Department of Social Services for a period of 18 months with direction that she be placed in a residential facility. This placement was recommended by the Juvenile Probation Department after a careful evaluation of the entire background in this matter as well as the needs of the respondent. The acts alleged in the three petitions were known and considered by the probation officer who conducted the investigation. It is unlikely that further adjudication in these petitions would result in a different recommendation. The placement as ordered by this court is based not only on the nature of the acts set forth in the petition but also upon the needs of *142 the juvenile, as determined by various factors. Since the respondent’s needs basically would be the same, with or without additional adjudications, the placement as ordered by this court would be the same whether or not further adjudications of delinquency were made.
To compel the respondent to participate in suppression hearings and fact-finding hearings in these matters, would not be productive and, in fact, would only delay the rehabilitation which the respondent is now undergoing.
The acts set forth in these petitions as previously stated occurred on October 11, 1978. While there was not an undue delay from the date the acts were committed until the petitions were filed and service effected, 23 days, the fact remains that during the interim period the respondent admitted the allegations of the previous petition and was adjudicated a juvenile delinquent. Had the respondent and her Law Guardian been aware that the October 30, 1978, petitions would be filed, the response to the October 13, 1978, petition might have been different. The petitioner could have petitioned the respondent into Family Court in the above three petitions prior to the October 20, 1978, fact-finding hearing in which the admission of delinquency was made, since the conduct of the alleged acts occurred on October 11 and since the supporting affidavit on which all three petitions were based were sworn to on October 13, 1978.
We have noted that the statute relating to designated felony was amended in 1978 to provide that where there have been two findings that a juvenile has committed an act, which, if committed by an adult would constitute a felony, a subsequent petition alleging a felony must be treated as a designated felony even though the felony set forth is not one usually categorized as a designated felony. (Family Ct Act, § 712, subd M.)
The possibility exists that the respondent’s rights would be jeopardized by the filing of three juvenile delinquency petitions each alleging a felony, once there was already an admission of delinquency based on a felony. We agree with the contention of the Law Guardian that the delay of the filing of the petitions in this matter, while less than a month, may have prejudiced the respondent’s rights with reference to the earlier petition.
An additional factor to be considered under the criteria of the Clayton decision is the impact on the community of the *143 dismissal in the furtherance of justice. Family Court is required, in any juvenile delinquency proceeding, to consider the needs and best interests of the juvenile respondent and also the need for protection of the community. (Family Ct Act, § 711.) Again, since the respondent has been placed already, she is no longer a threat to the community and any additional adjudications would not serve any useful purpose.
It is ordered that the three petitions, Docket Nos. D-33-78 (R), D-34-78 (R), and D-35-78 (R) be dismissed in the furtherance of justice since the respondent’s rights have been prejudiced by the delay in filing petitions in these matters, that the disposition made by the court would not be affected by any additional adjudications and that the needs and best interests of the child as well as the need for protection of the community have been accomplished.