OPINION OF THE COURT
Max H. Galfunt, J.
The defendant, charged herein with violating section 120.00 of the Penal Law (assault in the third degree), section 265.01 of the Penal Law (criminal possession of a weapon in the fourth degree) and section 270.00 of the Penal Law (unlawfully dealing with fireworks), has moved to dismiss the accusatory instrument in the interests of justice pursuant to CPL 170.40. Oral argument on the motion was made before this court on September 28, 1979, to assist the court in determining whether or not a so-called Clayton hearing (People v Clayton, 41 AD2d 204) should be granted under the facts of this case. For the purpose of deciding the motion, the allegations as contained in the felony complaint will be assumed to be true. All of the felony charges were reduced on motion of the District Attorney to misdemeanors.
*164 FACTS
The complaint alleges that the defendant, a 22-year-old male who has had no prior involvement with the law, while acting in concert with three minors, did intentionally cause physical injuries to the complainant in that he threw or caused fireworks (M-80 "ashcans”) to be thrown from a vehicle which he was operating on June 26, 1979. One of these "ashcans” struck the complainant in her right foot while she was riding her bicycle, causing a severe laceration. The wound became infected and the complainant was unable to walk for approximately one month. The complainant was unable to work during this period and, as a consequence, lost her job. Additional medical treatment may be required at some future date.
There is no dispute that it was not the defendant who threw the firework that injured the complainant. It appears clear that the firework was thrown by one of the minor passengers. Nor is there any dispute that a small quantity of fireworks of the kind that caused the injury was found in the defendant’s vehicle.
The primary contentions by the defendant as to why the accusatory instrument should be dismissed in the interests of justice are: (a) The defendant is not the individual who actually threw the firework at the complainant. Rather, he is charged with acting in concert with one who did. (b) The only reason why the complainant is continuing the criminal prosecution is to obtain restitution from the defendant. The complainant, argues the defendant, is seeking to use the local criminal court as a collection agency rather than institute a civil suit.
The People answer the defendant’s contentions by saying that: (1) This was a senseless, random act committed upon an unsuspecting individual. (2) That the defendant’s contention that he did not throw the firework is really a defense that is more properly one to be litigated at trial. (3) The fact that the complainant may seek restitution through a civil action in no way precludes the continuation of the criminal case. (4) That the defendant has not shown any compelling reason why justice demands that this case be dismissed.
CONCLUSIONS OF LAW
The application for a hearing to determine whether this case should be dismissed in the interests of justice is denied.
*165 CPL 170.40 (subd 1) states that "[a]n information, a simplified traffic information, a prosecutor’s information or a misdemeanor complaint, or any count thereof, may be dismissed in the interests of justice, as provided in paragraph (g) of subdivision one of section 170.30 when, even though there may be no basis for dismissal as a matter of law upon any ground specified in paragraphs (a) through (f) of said subdivision one of section 170.30, such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice” (emphasis supplied). The parallel CPL 210.40 section dealing with indictments contains substantially the same language. Until the case of People v Clayton (41 AD2d 204), the courts of this State had little guidance as to the meaning of "compelling factor”.
Clayton lists seven factors which a court may consider in determining whether an accusatory instrument should be dismissed in the interests of justice they are: (a) the nature of the crime, (b) the available evidence of guilt, (c) the prior record of the defendant, (d) the punishment already suffered by the defendant, (e) the purpose and effect of further punishment, (f) only prejudice resulting to the defendant by the passage of time, and (g) the impact on the public interest of a dismissal of the indictment.
The above-mentioned Clayton factors were commended by the Court of Appeals in People v Belge (41 NY2d 60). In Beige, the court further encouraged legislative action in detailing those factors on which a court should base its determination on whether a case should be dismissed in the interests of justice. The Legislature has followed this judicial request by recently passing Senate Bill No. 2435 (L 1979, ch 216) which amends CPL 170.40 and 210.40. The act becomes effective on January 1, 1980. The factors to be considered under this new law are as follows:
"(a) the seriousness and circumstances of the offense;
"(b) the extent of harm caused by the offense;
"(c) the evidence of guilt whether admissible or inadmissible at trial;
"(d) the history, character and condition of the defendant;
"(e) any exceptionally serious misconduct of law enforce *166 ment personnel in the investigation, arrest and prosecution of the defendant;
"(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;
"(g) the impact of a dismissal on the safety or welfare of the community;
"(h) the impact of a dismissal upon the confidence of the public in the criminal justice system;
"(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;
"(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.”
Since the new law will not become effective until January 1, 1980, the court views these factors as merely persuasive and not binding on the instant case and will only consider those factors listed in People v Clayton (supra).
The defendant herein has alleged facts which touch upon only two of the Clayton factors, namely the available evidence of guilt and the prior record of the defendant. In sum, the defendant, in his argument, is attempting to show that the People will have a difficult time in sustaining their burden of proof at trial since the defendant is charged with "acting in concert”.
The issue presented to this court appears to be one of first impression. In short, when a defendant raises a defense or otherwise attempts to show a weakness in the People’s case in a pretrial motion, does this come within the meaning of "evidence of guilt” Clayton factor (supra, p 208)? In the opinion of this court, it does not.
Clayton (41 AD2d 204, supra), and the new CPL 170.40 both speak in terms of evidence of guilt. No mention is made of defenses that a defendant may have available to him.
It is black letter law that the burden of proof is on the People to prove the defendant’s guilt beyond a reasonable doubt. There is no concomitant burden on the defendant to introduce any evidence of his innocence unless he so desires. With this in mind, it would seem that when the Clayton court and the Legislature discuss "evidence of guilt,” they are asking the court to examine what evidence is available to the People for trial. That is, at the time the "interests of justice” motion is made, is the evidence available to the People sufficient as a matter of law to prove each and every element of *167 the crime charged. For example, assume that a defendant has been charged with a possessory crime and the item, constituting the corpus of the crime, is suppressed. The People do not appeal the court’s decision nor do they subsequently move to dismiss the case. Under the existing Clayton factors, this could furnish a basis for granting a motion to dismiss in the interests of justice. (The court notes that under the law that will become effective on January 1, 1980, it is immaterial whether the evidence available to the People will be admissible or inadmissible at trial.) Another example of "evidence of guilt” which could be applicable under both the existing and the future Clayton factors is a one witness identification case where the witness dies or would be otherwise unavailable to testify at trial.
What is evident under both the existing and the future factors is that it is the evidence available to the People that is contemplated by this factor. The mere fact that the defendant has a legitimate defense or other evidence that can weaken the People’s case in no way diminishes the amount of evidence available to the People. Rather, such defense will only make it more difficult for the People to prove the defendant’s guilt beyond a reasonable doubt at a trial.
Therefore, a defense raised by the defendant or other evidence that may tend to negate the People’s proof at trial does not fall within the meaning of the "evidence of guilt” Clayton factor (supra, p 208). This merely raises an issue that is to be litigated at trial rather than to be determined by a Judge on a pretrial motion. A motion to dismiss in the interests of justice is, in no way, intended to be a substitute for a trial.
This court is well aware that there has been an upswing in motions to dismiss cases in the interest of justice. (See, e.g., People v Simms, NYLJ, Sept. 28, 1979, p 13, col 1.) it appears that defense attorneys have been using this motion in many situations as a blatant attempt to circumvent a trial on the issues. For the most part, these motions seem to arise after attempts to negotiate a plea have failed, when the People refuse to give their consent to an adjournment in contemplation of dismissal, or where a legitimate defense or other evidence to discredit the People’s case exists. In People v Stern (83 Misc 2d 935), the court held that a dismissal in the interests of justice was not proper remedy in a case where the District Attorney refused to consent to an adjournment in contemplation of dismissal even where the refusal may have *168 been an abuse of prosecutorial discretion. By the same logic, it cannot be said that merely because plea negotiations which also involve prosecutorial discretion, fail to reach fruition, must a case be dismissed in the interests of justice. Where a bona fide defense or other evidence to weaken the People’s case exists, this is a matter that requires resolution at a trial rather than by way of a pretrial motion to dismiss. Clearly a motion to dismiss in the interests of justice is not intended to be a substitute for a trial, but rather to be used solely when some compelling factor, as outlined in Clayton (supra), requires the prosecution to be discontinued. Therefore, this court must conclude that since a legitimate defense is not within the contemplation of the "evidence of guilt” Clayton factor (supra, p 208), such a defense is not a compelling factor that requires a dismissal in the interests of justice.
The court has examined other arguments raised by the defendant and finds them without merit.
Since no compelling factors have been presented to this court for consideration, the application for a hearing to dismiss the accusatory instrument in the interests of justice and the motion to dismiss in the interest of justice are denied.