OPINION OF THE COURT
Louis R. Rosenthal, J.
The defendant Rhoda Eubanks is charged in an information with the crime of illegally obtaining unemployment insurance benefits, a violation of section 632 (subd 1, par [a]) of the Labor Law. The defendant has moved, on papers, to dismiss the charges in the interest of justice pursuant to CPL 170.30 (subd 1, par [g]) and 170.40. After a hearing and after considering and examining all the critéria enumerated in CPL 170.40 (subd 1), including the Attorney-General’s disregard for the defendant’s right to counsel, the information is dismissed in the interest of justice.
Defendant has been charged with the misdemeanor of petit larceny in that she allegedly received more than $1,000 in State unemployment insurance benefits during a 16-week period from November, 1978 to March, 1979 while she was gainfully employed. Defendant has acknowledged the truth of these allegations. On at least two occasions after the information had been filed with the court, an Assistant Attorney-General and an investigator from the *109 office of the Attorney-General communicated with the defendant who was without counsel. The subject matter of these conversations was an offer by the Attorney-General’s office to the effect that the defendant would be able to adjourn the matter in order that she may make restitution and that she could plead at the end of the repayment period. The defendant has made full restitution.
An examination of the recent history of CPL 170.40 (subd 1) and its parallel section dealing with indictments, CPL 210.40 (subd 1), is helpful in aiding the court in deciding this motion to dismiss. The 1971 version of CPL 170.40 (subd 1) reads:
“§ 170.40 Motion to dismiss information, simplified traffic information, prosecutor’s information or misdemeanor complaint; in furtherance of justice.
“1. An information, a simplified traffic information, a prosecutor’s information or a misdemeanor complaint, or any count thereof, may be dismissed in the interest of justice, as provided in paragraph (g) of subdivision one of section 170.30 when, even though there may be no basis for dismissal as a matter of law upon any ground specified in paragraphs (a) through (f) of said subdivision one of section 170.30, such dismissal is required as a mutter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice.”
Yet, “[u]ntil the case of People v Clayton (41 AD2d 204), the courts of this State had little guidance as to the meaning of ‘compelling factor’.” (People v Prunty, 101 Misc 2d 163, 165.) In Clayton (supra, at p 208) the Appellate Division listed the following seven factors which a court may consider in determining whether an accusatory instrument should be dismissed in the interest of justice: (a) the nature of the crime, (b) the available evidence of guilt, (c) the prior record of the defendant, (d) the punishment already suffered by the defendant, (e) the purpose and effect of further punishment, (f) any prejudice resulting to the defendant by the passage of time, and (g) the impact on the public interest of a dismissal of the indictment.
*110 In People v Belge (41 NY2d 60) the Court of Appeals commended the seven Clayton considerations mentioned above. The court (p 62) invited the Legislature “to prescribe specific criteria for the responsible exercise of the discretion granted by the section”. In 1979, the Legislature added the following language effective January 1,1980, to the then existing CPL 170.40 (subd 1) and 210.40 (subd 1) to reflect the concerns of the Court of Appeals as articulated in Belge (supra):
“In determining whether such compelling factor, consideration, or circumstance exists, the court must, to the extent applicable, examine and consider, individually and collectively, the following:
“(a) the seriousness and circumstances of the offense;
“(b) the extent of harm caused by the offense;
“(c) the evidence of guilt, whether admissible or inadmissible at trial;
“(d) the history, character and condition of the defendant;
“(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;
“(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;
“(g) the impact of a dismissal on the safety or welfare of the community;
“(h) the impact of a dismissal upon the confidence of the public in the criminal justice system;
“(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;
“(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.”
Even prior to the enactment of the 1980 version of CPL 170.40 and 210.40, the New York courts recognized that the dismissal of a prosecution in the furtherance of justice must rest upon a sensitive balancing of the interests of the individual and the State. (People v Benevento, 59 AD2d 1029; People v Belkota, 50 AD2d 118, 120; People v Kwok *111 Ming Chan, 45 AD2d 613, 616; People v Clayton, supra, at pp 207-208; People v Berriz, 86 Misc 2d 482, 484; People v Shanis, 84 Misc 2d 690.) The courts have also acknowledged that although the decision to dismiss an information lies within the discretion of the Trial Judge, it is clear that that discretion is neither absolute nor uncontrolled (People v Wingard, 33 NY2d 192, 196; People v Kwok Ming Chan, supra, at pp 615-616), and is to be exercised sparingly. (People v Belkota, supra, at p 120.) Yet, the 1980 amendments to CPL 170.40 (subd 1) aid further in guarding against arbitrary terminations of prosecutions. (Bellacosa, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 170.40, p 26, 1972-1980 Supplementary Pamphlet.)
One of the elements to be considered by the court in deciding whether a compelling factor exists, which warrants a dismissal in the interest of justice is “any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant.” In the case before the court, the Attorney-General’s office on at least two occasions conducted a dialogue with the defendant, who was without counsel, regarding a plea and restitution after the filing of an information. In People v Cunningham (49 NY2d 203, 208) the court reiterated the rule that “an ‘indelible’ right to counsel attaches upon the commencement of formal adversary proceedings”. By statute a criminal action commences with the filing of an accusatory instrument (CPL 1.20, subd 17) which includes an information (CPL 1.20, subd 1). A defendant cannot make an effective waiver of his rights to remain silent and to have the assistance of counsel unless his attorney is present at the time of the waiver. This is so even in instances where the accused has neither retained nor requested an attorney. (People v Cunningham, supra, at p 208; People v Settles, 46 NY2d 154, 161.) In the case before this court, the conduct of the Attorney-General’s office runs afoul of the rule enunciated in People v Settles (supra) and invades a fundamental right of the defendant, the right to counsel (NY Const, art I, § 6). Yet, this is not a suppression hearing where the remedy would be to exclude any inculpatory statements. Official misconduct may be so egregious and deprivative as to impose an obligation to *112 dismiss (People v Isaacson, 44 NY2d 511, 518-519). The court is obligated to call this conduct to the attention of the Attorney-General as this conduct seems to be his practice in similar cases. This practice appears to have arisen out of unfamiliarity rather than malice. It, nevertheless, must cease.
The fact that the defendant has made an admission to the underlying charges at the Clayton hearing has no bearing on this motion before the court. A dismissal in the furtherance of justice depends solely upon the justice that would be served by such a disposition, and does not depend upon the legal or factual merits of the charge or even the guilt or innocence of the accused. (People v Clayton, 41 AD2d 204, 206, supra; Matter of Stephens, 98 Misc 2d 137, 141; People v Stern, 83 Misc 2d 935, 938; People v Edwin C., 82 Misc 2d 245; People v Graydon, 69 Misc 2d 574; People v Davis, 55 Misc 2d 656; People v Quill, 11 Misc 2d 512, 515.)
After examining and considering all the statutory criteria of CPL 170.40 (subd 1), both individually and collectively, the court finds that the prosecutor’s actions in circumventing the defendant’s State constitutional right to counsel constitutes a compelling factor which justifies a dismissal of the charges. The court has also given weight in this balancing process to paragraph (d) of the statute — the history, character, and condition of the defendant. Defendant, a 25-year-old woman, had never been arrested for any other violations of the law prior to this incident. The defendant has been employed for more than one year as a live-in house parent for mentally retarded adults. As such, she is responsible for the welfare of these individuals. In addition, the defendant is currently enrolled in the registered practical nurse program at Downstate Medical School. Complete restitution has been made by the defendant.
In light of all of the above, the information is dismissed in the interest of justice pursuant to CPL 170.40.