OPINION OF THE COURT
Louis R. Rosenthal, J.
Defendant is charged in an information with the crimes of petit larceny and criminal possession of stolen property (in the third degree), violations of sections 155.25 and 165.40 of the Penal Law, respectively. Defendant has moved, on papers, to dismiss the charges in the interest of justice pursuant to CPL 170.30 (subd 1, par [g]) and 170.40. After considering and examining all the criteria enumerated in CPL 170.40 (subd 1), the motion to dismiss is denied.
Defendant has been charged with these two misdemeanors in that he allegedly knowingly and unlawfully removed a wallet from the rear pocket of the pants of the complainant, a decoy police officer. The defendant was chased by the complainant’s backup police officer and apprehended approximately two blocks from the scene of the crime with the complainant’s wallet in his hand. The defendant acknowledges in his moving papers that the evidence of guilt is great, but moves for dismissal in the interest of justice based on his past and continuing psychiatric problems.
*378 The 1971 version of CPL 170.40 (subd 1) reads:
“§ 170.40 Motion to dismiss information, simplified traffic information, prosecutor’s information or misdemeanor complaint; in furtherance of justice
“1. An information, a simplified traffic information, a prosecutor’s information or a misdemeanor complaint, or any count thereof, may be dismissed in the interest of justice, as provided in paragraph (g) of subdivision one of section 170.30 when, even though there may be no basis for dismissal as a matter of law upon any ground specified in paragraphs (a) through (f) of said subdivision one of section 170.30, such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice.”
The recent case of People v Eubanks (108 Misc 2d 108) examines the evolution and recent history of CPL 170.40 (subd 1) and its parallel section, dealing with indictments (CPL 210.40, subd 1). The discussion of the history of CPL 170.40 (subd 1) by the learned Judge in Eubanks (pp 109-111), is most enlightening as to the purpose of the statute and is worth repeating here in deciding the instant motion to dismiss.
“Yet ‘[u]ntil the case of People v Clayton (41 AD2d 204), the courts of this State had little guidance as to the meaning of “compelling factor”.’ (People v Prunty, 101 Misc 2d 163, 165.) In Clayton (supra, at p 208) the Appellate Division listed the following seven factors which a court may consider in determining whether an accusatory instrument should be dismissed in the interest of justice: (a) the nature of the crime, (b) the available evidence of guilt, (c) the prior record of the defendant, (d) the punishment already suffered by the defendant, (e) the purpose and effect of further punishment, (f) any prejudice resulting to the defendant by the passage of time, and (g) the impact on the public interest of a dismissal of the indictment.
“In People v Belge (41 NY2d 60) the Court of Appeals commended the seven Clayton considerations mentioned *379 above. The court (p 62) invited the Legislature ‘to prescribe specific criteria for the responsible exercise of the discretion granted by the section’. In 1979, the Legislature added the following language effective January 1, 1980, to the then existing CPL 170.40 (subd 1) and 210.40 (subd 1) to reflect the concerns of the Court of Appeals as articulated in Belge (supra):
“ ‘In determining whether such compelling factor, consideration, or circumstance exists, the court must, to the extent applicable, examine and consider, individually and collectively, the following:
“ ‘(a) the seriousness and circumstances of the offense;
“ ‘(b) the extent of harm caused by the offense;
“ ‘(c) the evidence of guilt, whether admissible or inadmissible at trial;
“ ‘(d) the history, character and condition of the defendant;
“ ‘(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;
“ ‘(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;
“ ‘(g) the impact of a dismissal on the safety or welfare of the community;
“‘(h) the impact of a dismissal upon the confidence of the public in the criminal justice system;
“ ‘(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;
“ ‘(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.’
“Even prior to the enactment of the 1980 version of CPL 170.40 and 210.40, the New York courts recognized that the dismissal of a prosecution in the furtherance of justice must rest upon a sensitive balancing of the interests of the individual and the State. (People v Benevento, 59 AD2d 1029; People v Belkota, 50 AD2d 118, 120; People v Kwok Ming Chan, 45 AD2d 613, 616; People v Clayton, supra, at pp 207-208; People v Berriz, 86 Misc 2d 482, 484; People v *380 Shanis, 84 Misc 2d 690.) The courts have also acknowledged that although the decision to dismiss an information lies within the discretion of the Trial Judge, it is clear that that discretion is neither absolute nor uncontrolled (People v Wingard, 33 NY2d 192, 196; People v Kwok Ming Chan, supra, at pp 615-616), and is to be exercised sparingly. (People v Belkota, supra, at p 120.) Yet, the 1980 amendments to CPL 170.40 (subd 1) aid further in guarding against arbitrary terminations of prosecutions. (Bellacosa, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 170.40, p 26, 1972-1980 Supplementary Pamphlet.)”
A dismissal in the furtherance of justice depends solely upon the justice that would be served by such a disposition, and does not depend upon the legal or factual merits of the charge or even the guilt or innocence of the accused. (People v Clayton, supra, at p 206; see, also, People v Eubanks, supra, at p 112 for other excellent citations.) Yet one of the elements (CPL 170.40, subd 1, par [c]) to be considered by this court in deciding whether a compelling factor exists which warrants a dismissal in the interest of justice is “the evidence of guilt, whether admissible or inadmissible at trial”. This court finds the strength of the People’s case to be compelling in that the defendant was observed by a group of police officers removing the wallet of another and was caught near the scene of the crime with the complainant’s wallet.
The defendant wants this court to accord appropriate weight to CPL 170.40 (subd 1, par [d]) — “the history, character and condition of the defendant”. Defense counsel points out that the defendant, a 22 year old has been receiving and continues to undergo psychiatric treatment at Brookdale Hospital. The defendant would have this court believe that continued psychiatric care rather than prosecution is more appropriate in dealing with defendant’s actions herein. This, however, is not the defendant’s maiden contact with the criminal justice system. The defendant was arrested on two prior occasions — for assault in 1978 and for public lewdness in 1980. The assault charge was disposed of via a guilty plea to attempted assault in the third degree and the defendant was sen *381 tenced to a conditional discharge. The public lewdness charge resulted in an adjournment in contemplation of dismissal. While the defendant may have benefited from psychiatric care that he has received, his medical and mental conditions do not rise to a “compelling factor” in light of his criminal actions during the past three years. This is not a case where the stigma of a conviction may result in a psychiatric condition, but a case where his psychiatric condition may induce criminal behavior.
After examining and considering all the statutory criteria of CPL 170.40 (subd 1) both individually and collectively, the court finds that the defendant has not demonstrated the existence of the requisite compelling factor that would warrant a dismissal. In light of all of the above, the motion to dismiss in the interest of justice is denied.