■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. SCHLESSEL, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Doyle, J.), rendered November 5, 1981, convicting him of sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

On October 27, 1980, defendant was indicted for rape in the first degree. Thereafter, he moved to dismiss the indictment pursuant to CPL 210.20 upon the ground, *inter alia,* that a dismissal was required in furtherance of justice (CPL 210.40). That motion was denied without a hearing on August 7, 1981, and on this appeal from the ensuing judgment of conviction, defendant maintains, *inter alia,* that the summary denial of his motion to dismiss in the furtherance of justice was erroneous.

We disagree.

Pursuant to statute (CPL 210.45, subd 5, par [a]), a motion to dismiss pursuant to CPL 210.20 may be denied without a hearing where the "moving papers do not allege any ground constituting [a] legal basis for the motion". Accordingly, where, as here, the defendant has failed to sustain his initial burden of making a prima facie showing of "[some] compelling factor, consideration, or circumstance" which would render his conviction or prosecution on the underlying charges unjust (CPL 210.40, subd 1), the motion court is entitled to deny the motion without a hearing (see Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 210.40, p 156). As the Court of Appeals noted in *People v Gruden* (42 NY2d 214, 215), "[i]t is fundamental that a motion may be decided without a hearing unless the papers submitted raise a *factual* dispute on a *material* point which *must* be resolved before the court can decide the legal issue" (emphasis supplied). Here, assuming, *arguendo,* the truth of the allegations contained in the defendant's moving papers, it still cannot be said that the motion court abused its discretion in rejecting his present claim of injustice (cf. *People v Hirsch,* 85 AD2d 902).

*People v Benevento* (59 AD2d 1029), upon which the defendant relies, is distinguishable on its facts and does not compel a contrary result. There, the County Court had granted the defendant's motion to dismiss an indictment in the furtherance of justice without conducting a hearing, and the Appellate Division, Fourth Department, reversed and remitted the matter for further proceedings stating: "The discretion of the trial court to dismiss an indictment in furtherance of justice pursuant to CPL 210.40 is not absolute (*People v Kwok Ming Chan,* 45 AD2d 613, 615-616; and see *People v Wingard,* 33 NY2d 192, 196), but requires a value judgment 'based upon a "sensitive" balancing of the interests of the individual and the State' (*People v Belkota,* 50 AD2d 118, 120; and see *People v Isaacson,* 56 AD2d 220, 224; *People v Trottie,* 47 AD2d 751; *People v Clayton* [41 AD2d 204]). There appears upon this record no [proof adduced at a hearing] upon which the court could make such a value judgment. The informal procedure followed here is not sanctioned by the cases (see *People v Clayton, supra; People v Scroggins,* 56 AD2d 856), and to dismiss the indictment without proof of the matters considered by the court in its decision was an abuse of discretion".

Here, however, unlike *Benevento,* no facts have even been *alleged* which would tend to establish the defendant's entitlement to the dismissal which he seeks (see CPL 210.40). Accordingly, a hearing was unnecessary (CPL 210.45, subd 5).

As the defendant does not otherwise challenge the resulting conviction, it is clear that the judgment appealed from must be affirmed. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.