OPINION OF THE COURT
John M. Leventhal, J.
The defendant Frederick Williams was indicted for various *204 charges including assault in the first degree, attempted assault in the first degree, assault in the second degree (two counts), endangering the welfare of a child, and criminal possession of a weapon in the fourth degree.
The defendant moves this court to dismiss the instant indictment in the furtherance of justice pursuant to CPL 210.40 (see, People v Clayton, 41 AD2d 204).
Charges against the defendant arise from an incident which occurred on September 7, 1998. On that day, defendant drove himself to Kings County Hospital for treatment of burns and injuries. On the way, defendant was picked up and escorted to the emergency room by police officers from the 67th Precinct. Defendant informed the police officers and Kings County Hospital police that his wife had thrown acid on him causing his various injuries. Defendant was treated by emergency room doctors and placed in the bum tank. A written statement was taken from defendant and pictures were taken of his injuries. The defendant alleges that he requested that his wife be arrested. Subsequently defendant was transferred from Kings County Hospital to Cornell Medical Center Burn Unit.
On September 8, 1998, two detectives handcuffed defendant to his hospital bed. The People allege that the defendant had thrown Draino at his wife during an argument. The People find that the Draino hit the complainant’s 10-year-old son when the boy tried to intervene. It is the People’s position that the complainant and defendant were also burned during the struggle over the bottle of Draino. Later during that week the District Attorney and police department sought to obtain a statement from the defendant. The defendant requested an attorney be present during questioning. No questioning ensued.
A felony complaint was drawn up and filed with the Criminal Court on September 9, 1998. The felony complaint was never docketed by the Criminal Court nor was the defendant arraigned on the felony complaint.
On September 11, 1998, defendant’s attorney was contacted by the defendant’s family and retained. On September 16, 1998, defense counsel contacted the Kings County District Attorney’s office and was referred to the assigned Assistant in the domestic violence bureau. The assigned Assistant District Attorney informed defense counsel that the case had already been presented to the Grand Jury and an indictment had been filed that morning. Defendant was under arrest continuously from September 8, 1998 to the date of his Supreme Court arraignment under this indictment on September 25, 1998.
*205 This court notes that even prior to enactment of the 1980 version of CPL 210.40 (and CPL 170.40), courts had recognized that the dismissal of an indictment in the furtherance of justice must rest upon the sensitive balance of the interests of the individual and the State. (People v Benevento, 59 AD2d 1029; People v Belkota, 50 AD2d 118, 120; People v Kwok Ming Chan, 45 AD2d 613, 616; People v Clayton, 41 AD2d 204, 207-208.) Although the decision to dismiss lies within the sound discretion of the Trial Judge, it is clear that that discretion is neither absolute nor uncontrolled. (People v Wingard, 33 NY2d 192, 196) and is to be exercised sparingly. (People v Belkota, 50 AD2d, at 120, supra; People v Ortiz, 152 AD2d 755; People v Kelley, 141 AD2d 764; People v Foster, 127 AD2d 684.)
This court has considered the enumerated statutory factors both individually and collectively. (See, People v Rickert, 58 NY2d 122; People v Eubanks, 108 Misc 2d 108, revd on other grounds 114 Misc 2d 109, for a thorough and complete history of CPL 210.40, 170.40.)
As this court has indicated in its prior decision on the defendant’s motion to dismiss the indictment based on a violation of his right to testify before the Grand Jury (People v Williams, NYLJ, Jan. 5, 1999, at 33, col 5), the only issue which is worthy of discussion as constituting a compelling factor warranting dismissal is the purported failure of the People to bring the defendant before a Judge for his arraignment without unnecessary delay. The defendant contends that this delay (Sept. 8-Sept. 25, 1998), constitutes “exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant”. (CPL 210.40 [1] [e]; 140.20 [1]; People ex. rel. Maxian v Brown, 77 NY2d 422.)
One may argue that under a proper factual scenario, the failure of the People to bring a hospitalized arrestee before a Judge for his arraignment without necessary delay may constitute a compelling factor under CPL 210.40 (1) (e). This would result at best in restoring the parties to their respective positions prior to the Grand Jury presentation, namely for the People to re-present and for the defendant to testify should he elect to do so. (CPL 210.40; Matter of Vega v Bell, 47 NY2d 543, 552 [when the interest of justice authorizes dismissal, it ipso facto permits the Court to take a lesser action other than outright dismissal of the indictment]; see also, People v Balukas, 95 AD2d 813; cf., People v Pugh, 207 AD2d 503; People v Guzman, 168 AD2d 154; Matter of Borrello v Balbach, 112 AD2d 1051 [all standing for the proposition that courts cannot *206 dismiss an indictment upon the condition that defendant testify upon resubmission].)
The defendant in the matter sub judice, however, has failed to supply the proper factual predicate to show an “unnecessary delay” in his arraignment.
The People maintain that the police made various attempts to fingerprint the defendant while he was in the hospital under arrest. Specifically, on September 10, 1998 and September 13, 1998, defendant was unable to be fingerprinted due to burns on his arms and hands. Fingerprints were needed in order for the defendant to be arraigned in the hospital. The defendant has failed to refute the People’s inability to fingerprint him despite being provided an opportunity to do so.
Accordingly, the defendant’s motion to dismiss the indictment in the interests of justice pursuant to CPL 210.40 is denied in all respects.