■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD SCROGGINS, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, entered May 26, 1976, which granted defendant's motion to dismiss the indictment in the interest of justice. Order reversed, on the law and the facts, indictment reinstated, and case remitted to the Criminal Term for a hearing in accordance herewith. Defendant, who was indicted for rape in the first degree, robbery in the first degree and

burglary in the first degree, as well as several lesser crimes, is suffering from thrombophlebitis of the left leg, a condition which sometimes causes death. Defendant made an application for a reduction of bail so that he might obtain his release from Rikers Island, where he was being treated, and seek treatment at a civil hospital. That application was denied on the ground that the facts did not convince the court that defendant would appear for trial if he were released. Thereafter, defendant moved to dismiss the indictment in the interest of justice because of his condition. The motion was granted. We reverse. No probative medical testimony was adduced showing the seriousness of defendant's condition. Defendant's treating physician at Rikers Island had testified at the bail reduction hearing and stated his opinion, in a letter to the court, that defendant's condition was "stable". However, the Judge discredited that, finding that the physician's report was incomplete and that the physician may have had a motive to understate the seriousness of defendant's condition. This left the court without medical evidence upon which to base its decision. The court's own observation of defendant's leg was insufficient for this purpose. Further, it was improper for the court to put the burden of producing further medical evidence on the prosecutor, particularly where defendant had also failed to introduce probative medical evidence of the seriousness of his condition (see CPL 210.45, subd 7). Accordingly, we reverse and remit the matter to Criminal Term for a hearing on the question of whether this indictment should be dismissed in the interest of justice (cf. *People v Clayton,* 41 AD2d 204). Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.