OPINION OF THE COURT
Emily Jane Goodman, J.
CLAYTON MOTION
The defendant, charged with driving while intoxicated, has moved for dismissal of the indictment in the furtherance of justice, pursuant to CPL 210.20 and 210.40. The question to be addressed in deciding such a motion is whether there exists "some compelling factor, consideration or circumstance” which demonstrates that "conviction or prosecution of the defendant * * * would constitute or result in injustice.”
The defendant concedes that the crime charged is a serious one but presents two main arguments for dismissal. The court rejects these arguments as frivolous.
The defendant’s first argument is that had he been arrested 38 days later, the crime, operating a motor vehicle while intoxicated, Vehicle and Traffic Law § 1192 (3), would have been a misdemeanor instead of a felony, since it is his prior conviction of the same crime within the last 10 years that escalated the instant charge to a felony. (See, Vehicle and Traffic Law § 1193 [1] [c].) The 10-year period expired 38 days after the instant arrest. This can hardly be viewed as a mitigating factor. While an arrest 38 days later would have led to a misdemeanor charge, a dismissal would leave no charges pending against the defendant, a result that would hardly serve the interest of justice or protect other drivers, passengers and pedestrians. If Mr. McGorman did drink and drive in this period, he did so at his peril (and the public’s). Nor would reduction of the felony to a misdemeanor be in the interest of justice, as it would be not only unjust but would defeat the Legislature’s intent of making a second offense within 10 years a felony.
The defendant’s second argument is that his presence in an alcohol treatment program supports a dismissal in the interest of justice. However, he did not enter that program *738 until after this arrest. While participation in such a program is always desirable, dismissal of the charges does not appear to be the best way to ensure his continuation in that program. Also, the court notes that if this defendant, whose prior record for the very same activity has been discussed above, had entered a treatment program earlier, this case might never have arisen.
While the CPL sets out 10 factors to be considered in deciding this motion, "[a] catechistic on-the-record discussion” of all 10 is not required. (People v Rickert, 58 NY2d 122, 128.) What is necessary is a "value judgment 'based upon a sensitive balancing of the interests of the individual and the State.’ ” (People v Benevento, 59 AD2d 1029.) In this case the balance is clearly overwhelmingly against granting the motion. The arguments presented in favor of dismissal are not only unconvincing, they are frivolous. Neither the fact that the defendant entered an alcohol treatment program after he was arrested nor the fact that this offense was "almost” a misdemeanor, or in defendant’s view should be a misdemeanor, presents a compelling injustice which only dismissal could cure.
The weight on the other side of the scale is quite heavy. Given the nature of the offense, one which in terms of public safety this court views as being at least as serious as gun or narcotics possession, which carry far greater penalties than those for driving while intoxicated. The fact that no one was injured or killed is more the result of good fortune than any positive actions on the part of the defendant. Considering the danger to the public which the defendant’s actions created, this court views treatment of the offense as a felony as perfectly appropriate.[1] Nor is there any real assurance that the defendant would refrain from driving while intoxicated if this indictment were to be dismissed. Moreover, while there is no chemical evidence of intoxication due to the defendant’s refusal to take a breath test, the People’s disclosure appears to indicate a substantial case against the defendant. Certainly the defendant’s refusal to take a chemical breath test certainly should not be rewarded by dismissal of the case.
While the potential consequences of a conviction would have *739 a serious impact on the defendant’s life, that is true of every criminal case, every defendant and every victim.[2]
It has been mentioned that this defendant is a family man, with a wife and young children. This is something he should have thought about before drinking and driving, if indeed he was driving while intoxicated as alleged.
Therefore, after full consideration of the arguments and the statutory criteria, the court finds no compelling factor or circumstance which clearly demonstrates that prosecution of the instant case would constitute an injustice as defined by existing case law. (See, e.g., People v Insignares, 109 AD2d 221.) This court finds nothing which makes this extremely serious case one of those rare and unusual cases that "cries out for fundamental justice beyond the confines of conventional considerations” and in fact, reaches a conclusion quite to the contrary. (People v Belge, 41 NY2d 60, 62-63 [Fuchsberg, J., concurring]; People v Clayton, 41 AD2d 204, 206.)
Defendant’s motion to dismiss the indictment in the interest of justice is therefore denied.
OMNIBUS MOTION
The defendant’s motion to suppress statements is granted to the extent that a pretrial Huntley/Dunaway hearing will be held. A hearing on the admissibility of the defendant’s refusal to submit to a chemical breath test is also granted. That hearing is to be limited to the question of whether the police officers had reasonable grounds to believe that the defendant was operating a motor vehicle in violation of Vehicle and Traffic Law § 1192 pursuant to Vehicle and Traffic Law § 1194 (2) (a) (1).
*740 A Sandoval hearing is granted to be held before the Trial Judge. The People are directed to notify the defendant prior to trial of all specific instances of the defendant’s prior uncharged criminal, vicious or immoral conduct of which the People have knowledge and intend to use at trial for purposes of impeachment pursuant to CPL 240.43.
Decision on the defendant’s motion to inspect the Grand Jury minutes and dismiss the indictment for insufficiency is reserved since the People have not provided the court with a copy of the minutes. The People are ordered to do so and are reminded of their obligation under CPL 30.30 to submit minutes to the court in a timely fashion. (See, People v McKenna, 76 NY2d 59 [1990].)[3]

. At least 30% of drivers in fatal accidents have blood alcohol levels above the legal limit. (Jacobs, Drunk Driving: An American Dilemma, at 41 [Chicago 1989].)

. It is the view of this court that the penalties set by the Legislature for this crime should be even more stringent. For example, automobile forfeiture laws would be much more relevant here, where the vehicle is part of the element of the crime of driving while intoxicated than drug cases, where the car is simply the means of transportation; forfeiture here would remove the car, a dangerous instrument, from the roads.
In addition, the Legislature of this State which has not retreated from mandatory sentencing schemes should consider amending Penal Law § 70.06 (1) (a) so that a second felony conviction under the Vehicle and Traffic Law (not applicable in this case) exposes the guilty defendant to the same consequences as any other felony. Under present law a person who, let us say, is twice convicted of a felony of car theft within a 10-year period, must be sentenced to prison as a second felony offender. This is not true, however, as to one who has two felonies for driving a car while intoxicated; this person is not deemed a predicate felon. Obviously, drunk driving is not considered as dangerous as car theft.

. The defendant also asserts in his argument in support of his Clayton motion, that his right to appear before the Grand Jury pursuant to CPL 190.50 was somehow violated, though the defendant’s motion is not very clear on this point. If the defendant’s rights were violated in this regard that violation would have constituted a substantive ground for dismissal but is not raised by this motion. In any event, it cannot be reached since the Grand Jury minutes have not yet been submitted to the court by the District Attorney.