*277 OPINION OF THE COURT
Phyllis Orlikoff Flug, J.
The defendant was convicted, after trial on April 25, 1995, on the third count of the indictment, criminal possession of a controlled substance in the third degree.
On May 18, 1995, she pleaded guilty to criminal sale of a controlled substance in the third degree, the top count of the indictment. The plea was conditioned upon the defendant’s successful enrollment and completion of a residential drug treatment program. If so, the court proposed to dismiss the indictment. After consultation with her attorney, she agreed that if she failed to fully meet the requirements of the program, the court would impose a sentence incarcerating her for a minimum of five to a maximum of 10 years.
Pursuant to that agreement, she was admitted to the Project Return Foundation and, under the auspices of the Treatment Alternative to Street Crime (T.A.S.C.) division of the Education and Assistance Corporation, she regularly reported to the court as to her progress.
On June 26, 1997, over two years after she first entered the program, the defendant received a certification of graduation, which verified to the court that she had successfully completed all phases of residential treatment, passed all toxicology tests, and was in full compliance with the court mandate. She then established her own residence, proceeded to get a driver’s license, enrolled in the Education Opportunity Center, received a certificate in word processing, and gained full-time employment in August of 1996. She has remained employed with that same firm. In addition, she attends the Queens Narcotics Anonymous meetings weekly.
The defendant now moves to dismiss the indictment, in accordance with CPL 210.40, in furtherance of justice. The People have not opposed the application, nor have they provided any information to the court as to the attitude of the Police Department, more particularly, the arresting officers.
CPL 210.40 (1) allows for the dismissal of an indictment if it “is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment * * * would constitute or result in injustice.” The statute sets forth 10 criteria which the court must consider in deciding the motion. These factors are: (1) the seriousness and circumstances of the offense; (2) the extent *278 and harm caused by the offense; (3) the evidence of guilt; (4) the history, character, and condition of the defendant; (5) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant; (6) the purpose and effect of imposing upon a defendant a sentence authorized for the offense; (7) the impact of a dismissal upon the confidence of the public in the criminal justice system; (8) the impact of the dismissal on the safety and welfare of the community; (9) the attitude of the complainant or victim with respect to the motion; and (10) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.
In analyzing the guidelines, the court finds:
(a) That the crime was of a nonviolent nature.
(b) No direct harm was caused, as the sale involved an undercover police officer.
(c) The defendant has admitted her guilt.
(d) The defendant appears to have overcome her addiction. She has tested negative for drugs since her acceptance into T.A.S.C. over three years ago, attending weekly meetings at Queens Narcotics Anonymous. She has successfully completed all phases of residential treatment and is in full compliance with the court’s mandates. Since August 1996, she has been employed by the same employer.
(e) No misconduct on the part of law enforcement is present.
(f) A sentence of incarceration at this time would not serve the best interests of the defendant nor the community, especially since she has proven her ability to function in society.
(g) No loss of confidence by the public should result, as the defendant has not committed any crimes since this incident and has served a period of “in-facility” treatment.
(h) The community’s safety and welfare have been greatly enhanced by the defendant’s voluntary involvement in rehabilitative programs and her full-time employment.
(i) The People have filed no papers in opposition, nor have they provided the court with any information as to the attitude of the Police Department.
(j) It is the court’s considered opinion that a judgment of conviction would serve no useful purpose.
In balancing the interest of the individual and those of the State (People v Clayton, 41 AD2d 204 [2d Dept 1973]), and recognizing that such dismissals should be exercised sparingly *279 (People v Wingard, 33 NY2d 192 [1973]), this court finds that Ms. Brown’s situation is one of the “ ‘rare’ and ‘unusual’ case[s] [which] ‘cries out for fundamental justice beyond the confines of conventional considerations’ ” (People v Insignares, 109 AD2d 221, 234 [1st Dept 1985]). The defendant has been before this court since early 1995. During all that time she has been most forthright with the court with regard to not only her abuse problem but her family relationships. She has clearly shown to this court her motivation and should be commended for her buoyancy in light of the many years that she has suffered from this addiction. Her life well reflects the hardships that she has endured, and this court can only respect her drive and encourage her further endeavors, which should allow her to take her rightful place as an upstanding citizen and member of the community.
Accordingly, the motion to dismiss the indictment is granted.