OPINION OF THE COURT
Eileen Rakower, J.
Defendant is charged with making graffiti (Penal Law § 145.60 [2]), criminal mischief, fourth degree (Penal Law § 145.00 [1]), possession of graffiti instruments (Penal Law § 145.65), and unlawfully posting advertisements (Penal Law § 145.30). Defendant moves to dismiss counts one, two and three of the complaint pursuant to CPL 170.30 and 170.35 on the ground that the facts stated in the complaint are insufficient as a matter of law to sustain those misdemeanor charges. Defendant contends: first, that the complaint fails to allege facts that show an "intent to damage”, a necessary element of Penal Law § 145.00 (1); §§ 145.60, 145.65; and second, that the factual allegations in the complaint fall squarely within the language of unlawfully posting advertisements (Penal Law § 145.30), a violation, and should preclude prosecution under Penal Law §§ 145.00, 145.60, 145.65, all misdemeanors.
*743 This court finds the complaint to be facially sufficient as to all of the charges. Additionally, while the activity described in the factual portion of the complaint is the specific behavior proscribed by Penal Law § 145.30, that does not render the complaint insufficient as to Penal Law § 145.00 (1); §§ 145.60 and 145.65.
To be facially sufficient, an accusatory instrument must allege nonhearsay facts that would give the court reasonable cause to believe that defendant committed the offense charged and establish, if true, every element of that offense. (See, CPL 100.40 [1]; People v Alejandro, 70 NY2d 133 [1987].) The factual portion of the complaint states in part: "[T]he defendant intentionally damaged property of another while having no right to do so nor any reasonable grounds to believe that he had a right; the defendant possessed an instrument and substance commonly used to place a mark upon a piece of property under circumstances evincing an intent to use the same to damage such property * * * Deponent states (i) that deponent observed defendant affixing posters to a wall * * * applying glue to the wall and then affixing posters on top of the glue, (ii) that deponent recovered the glue and several posters from the ground near defendant, and (iii) that deponent is a custodian of such property and that the defendant did not have permission or authority to post advertisements or to damage such property in any way.” To determine facial sufficiency this court must determine whether these facts satisfy the elements for each of the offenses charged.
UNLAWFULLY POSTING ADVERTISEMENTS (PENAL LAW § 145.30)
The factual portion of the complaint alleges facts that clearly support every element of the violation, Penal Law § 145.30. "A person is guilty of unlawfully posting advertisements when, having no right to do so nor any reasonable ground to believe that he has such right, he posts, paints or otherwise affixes to the property of another person any advertisement, poster, notice or other matter designed to benefit a person other than the owner of the property.” (Penal Law § 145.30 [1].) Defendant concedes that his behavior "falls squarely” within Penal Law § 145.30. Does the complaint also provide evidence that supports or tends to support the misdemeanor charges of Penal Law §§ 145.00, 145.60 and 145.65?
*744 CRIMINAL MISCHIEF IN THE FOURTH DEGREE (PENAL LAW § 145.00 [1])
To be facially sufficient a complaint charging Penal Law § 145.00 (1) must contain facts which tend to show defendant’s "intent to damage” the property of another.
"A person is guilty of criminal mischief in the fourth degree when, having no right to do so nor any reasonable ground to believe that he has such right, he:
"1. Intentionally damages property of another person”. (Penal Law § 145.00 [1].)
Here, defendant’s act of applying glue to the wall and covering the wall with advertisements tends to support the allegation that defendant intended to damage that wall. Defendant argues that his sole intent was to place advertisements on the wall, and that his lack of "intent to damage” is evidenced by his use of a potato-starch adhesive that washes away. Defendant’s argument may prevail at trial where the People have the burden of proving each element of the crimes charged (and for purposes of this section, proving actual damage, no matter how slight) beyond a reasonable doubt. (CPL 70.20.)[1] However, the allegation that the defendant damaged the complainant’s wall in applying glue and posters does satisfy the People’s lesser burden at the pleading stage — that the complaint contain factual allegations that tend to support the elements of the crimes charged. (CPL 100.40, 70.10.)
MAKING GRAFFITI (PENAL LAW § 145.60) AND POSSESSION OF GRAFFITI INSTRUMENTS (PENAL LAW § 145.65)
 "Intent to damage” is a necessary element of Penal Law §§ 145.60 and 145.65.
"1. * * * [T]he term 'graffiti’ shall mean the etching, painting, covering, drawing upon or otherwise placing of a mark upon public or private property with intent to damage such property.
"2. No person shall make graffiti of any type * * * without the express permission of the owner or operator of said property.” (Penal Law § 145.60.)
"A person is guilty of possession of graffiti instruments when he possesses any tool, instrument, article, substance, solution *745 or other compound designed or commonly used to etch, paint, cover, draw upon or otherwise place a mark upon a piece of property which that person has no permission or authority to etch, paint, cover, draw upon or otherwise mark, under circumstances evincing an intent to use same in order to damage such property.” (Penal Law § 145.65.) The intentional, rather than inadvertent, nature of defendant’s actions of applying glue and affixing posters to complainant’s wall tend to show that the defendant intended to damage complainant’s property. The culpable mental state is not that the defendant intended to cause actual damage, as required by Penal Law § 145.00, but rather, "that the actor acted intentionally in placing a mark upon the property which the actor had no right to mark and no reasonable ground to believe that he/she had such right”.[2] Whether the defendant actually caused damage is irrelevant for purposes of these charges; and whether the defendant intended to cause such damage is a question of fact for the trier of fact and not a consideration for the instant motion. The remaining elements of Penal Law §§ 145.60 and 145.65 are established for the purposes of facial sufficiency in that the complaint alleges that defendant covered and marked the private property of the complainant without permission and was in possession of tools and compounds to accomplish that task.
Defendant argues that the sole intent of the Legislature in enacting Penal Law §§ 145.60 and 145.65 was to combat the proliferation of the "graffiti tag” — a blight on the State landscape. While the elimination of the graffiti tag may have been the primary intent of the Legislature in enacting Penal Law §§ 145.60 and 145.65, the People are not foreclosed from prosecuting conduct such as that alleged in this case under these same statutes. Indeed, one might consider the splattering of unauthorized advertisements over public and private property throughout the State a comparable blight. There is nothing in the legislative history indicating that such a prosecution would contradict the Legislature’s intent.
Finally, defendant argues that advertising, unlike the graffiti tag, a form of commercial speech, serves a legitimate societal function, and as such is constitutionally protected. (Central Hudson Gas & Elec. v Public Serv. Commn., 447 US 557.) Defendant suggests that because commercial speech *746 enjoys constitutional protection the Legislature must have intended to treat unlawful posting of advertisements exclusively as a violation of Penal Law § 145.30.
The right to paint a graffiti tag on one’s own property, or, with permission, on another’s property, like the right to advertising in these same spaces, is constitutionally protected. Indeed, the Supreme Court has held that commercial speech is afforded "a limited measure of protection, commensurate with its subordinate position in the scale of First Amendment values, while allowing modes of regulation that might be impermissible in the realm of noncommercial expression.” (Ohralik v Ohio State Bar Assn., 436 US 447, 456 [1978].) The State’s regulation of commercial speech is permissible where the advertising is unlawful or misleading, and where there is a substantial government interest. (National Adv. Co. v Town of Babylon, 703 F Supp 228 [1989].) Here, the People are not attempting to regulate the content of either the graffiti tag or advertising; rather, they seek to advance the substantial government interest of protecting public and private property from damage.
The People allege in the complaint that the defendant intended to damage the property of another by placing advertisements on a wall in violation of Penal Law § 145.00 (1); §§ 145.60 and 145.65. If the People prove that defendant intended to damage the wall, the content of the writing, even a Disney advertisement, such as that defendant allegedly posted in this case, will not mitigate his otherwise unlawful behavior.
CONCLUSION
The defendant’s motion to dismiss the first three counts of the complaint for facial insufficiency is denied.

. Arguably, the owner suffers damage, even where the damage is easily repaired. It is reasonable to assume that the restoration of the property to its original state, no matter how slight the damage, will have a cost in effort and/or money.

. See, Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 145.60, 1997-1998 Pocket Part, at 40.