*17 OPINION OF THE COURT
Memorandum.
Order affirmed.
The People appeal from an order granting defendant’s motion to dismiss an accusatory instrument charging her with 36 counts of falsifying business records in the second degree (Penal Law § 175.05 [1]). Defendant, a licensed practical nurse, had brought the motion to dismiss in the furtherance of justice (see CPL 170.30 [1] [g]; 170.40).
The court below did not abuse its discretion in granting the requested relief. Our review of the record discloses that the court was objective and adherent to statutory standards rather than emotional or specious in reaching its disposition. It was not required to set forth a “catechistic on-the-record discussion” (People v Rickert, 58 NY2d 122, 128 [1983]) of all the factors listed in CPL 170.40 in deciding whether to grant the motion to dismiss in the furtherance of justice; it was sufficient for it to examine and consider every factor which was applicable (id.). The claim of the People herein that the court failed to do this is without merit. Nor should the decision of the court below be deemed an abuse of discretion for failing to expressly indicate that it found a “compelling factor which would cause injustice” (id. at 129).
Indeed, we note that the circumstances of the alleged offenses are not so grave as to warrant a period of incarceration (see CPL 170.40 [1] [a], [f]), as the People concede. Defendant has no prior history of arrests (see CPL 170.40 [1] [d]), and admittedly no actual harm has been caused by her actions (see CPL 170.40 [1] [b]). There has been no showing of a motive on defendant’s part for financial gain. It has been conceded that a dismissal would not appear to cause any negative impact on the safety and welfare of the community (see CPL 170.40 [1] [g]). While the remaining statutory criteria (see CPL 170.40 [1]) are either inapplicable to the instant case or arguable against a dismissal in the furtherance of justice, we conclude, when the aforesaid factors are “considered collectively as well as individually” (Rickert, 58 NY2d at 132; see also CPL 170.40 [1]), that “dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant would constitute or result in injustice” (CPL 170.40 [1]; see also Rickert, 58 NY2d at 130).
Belen, J.
(dissenting and voting to reverse the order and deny defendant’s motion to dismiss in the following memorandum). For the following reasons, I would reinstate the accusatory instrument pending against the defendant in this matter.
This case does not meet the criteria enunciated in People v Clayton (41 AD2d 204 [1973]), particularly in light of the serious nature of the crime charged, the clear evidence of defendant’s guilt and the deleterious impact upon the public interest in the implication that mistreating the elderly can go unpunished.
The accusatory instrument sets forth factual allegations of an evidentiary character to the effect that the defendant, a licensed practical nurse, entered and caused to be entered false weight and blood pressure records of nursing home patients in her charge on 36 occasions. Defendant’s supervisor stated that she was familiar with defendant’s handwriting and recognized entries of weight and blood pressure readings that defendant entered as having taken on dates that the patients were not even in the facility. A technician working under the defendant stated that defendant instructed him on how to make false entries, to vary the entries slightly from the preceding ones so as not to arouse suspicion.
Defendant denied intentionally falsifying these records stating, “while I might have made errors ... I did not order anyone to commit fraudulent acts nor did I do so myself.” In a sworn affidavit, a coworker alleged that defendant instructed him to enter false measurements and the records show defendant’s handwritten entries that are patently false. There can be no question of the intent to make the false entries even if one credits defendant’s assertion that she intended no harm.
The patients in defendant’s care were weak, elderly and unable to care for themselves. They are among society’s most vulnerable citizenry. Their blood pressure and weight measurements were checked and recorded daily to determine the correct medications and dosages to be given these patients. Errors in these calculations could conceivably cause terrible harm or even death.
The fact that no harm was caused to the patients due to the misinformation that defendant recorded on their charts is a matter of pure luck. Defendant could now just as easily be facing a charge of negligent homicide instead of misdemeanor falsification of documents.
In the case of People v Rickert (58 NY2d 122 [1983]), cited by the majority, the Court granted dismissals in the interests of *19 justice to persons convicted of failure to support their children, each of which had a compelling reason due to extreme indigence and dire family and personal circumstances. No such dire personal circumstances were put forth in this case so as to justify the defendant’s callous disregard for the health and welfare of those unfortunate persons placed in her charge. The facts that defendant had no prior record and that it has not been demonstrated that anyone was injured by her acts were clearly taken into account by the People who asked for no jail time for this defendant.
The Rickert court indeed did state that a catechistic recitation of the application of each of the 10 elements cited in Clayton is not necessary; however, the record must demonstrate that the reason given for the dismissal is real and compelling. Other than a disinclination to stigmatize this defendant, no compelling reason has been proffered.
It is arguable that this defendant should not be in a position of authority and responsibility for patient care. It is not for the court to decline to act on the assumption that a licensing authority will act in its stead to take away defendant’s license. The State has a compelling interest both to protect vulnerable and sick people from this defendant, as well as to deter others who wish to cut corners in caring for those who cannot speak for themselves.
As stated in People v Schlessel (104 AD2d 501, 502 [1984] [internal quotation marks and citations omitted]) cited by defendant, “[T]he discretion of the trial court to dismiss an indictment in furtherance of justice pursuant to CPL 210.40 is not absolute, but requires a value judgment based upon a sensitive balancing of the interests of the individual and the State.” There is no compelling interest evident in the submissions in this case that raises this defendant’s liability for a criminal record over the clear societal interest in protecting its most vulnerable citizens.
For the foregoing reasons, I would reverse the lower court’s order and deny defendant’s motion to dismiss the accusatory instrument.
Weston Patterson, J.P and Golia, J., concur; Belen, J., dissents in a separate memorandum.