[894 NYS2d 359]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v LISA H. HAUGH, Defendant.

Justice Court of Town of Henrietta, Monroe County, December 23, 2009

## APPEARANCES OF COUNSEL

*Fiandach & Fiandach* (*Clifford P. Owens* of counsel), for defendant. *Michael C. Green, District Attorney* (*Martin J. Anderson* of counsel), for plaintiff.

## OPINION OF THE COURT

JAMES J. PIAMPIANO, J.

On April 9, 2009, the defendant, Lisa H. Haugh, was issued three uniform traffic tickets, respectively charging violations of Vehicle and Traffic Law § 1180 (d) (speed in excess of maximum limit), Vehicle and Traffic Law § 1192 (2) (driving while intoxicated, per se), and Vehicle and Traffic Law § 1192 (3) (driving while intoxicated). The defendant moved to dismiss the charges in furtherance of justice pursuant to Criminal Procedure Law § 170.30 (1) (g) and § 170.40. For the reasons stated herein, the defendant's motion is granted.

### Facts

The material facts are not in dispute. On April 9, 2009, at about 2:36 A.M., the defendant Lisa H. Haugh was stopped in her vehicle by Monroe County Sheriff Sergeant Davis on Route 390 South, north of Jefferson Road, in the Town of Henrietta, County of Monroe, State of New York. The defendant spoke with Sergeant Davis and was interviewed by another officer, Deputy Sheriff Christopher Shatzel. Deputy Shatzel administered five sobriety tests, all of which the defendant reportedly failed.

Deputy Shatzel then arrested the defendant and transported her to B zone, where she was observed and administered a breath test. The breath test allegedly showed the defendant's blood alcohol content to be .17%.

Deputy Shatzel proceeded to read the defendant her *Miranda* rights. The defendant waived those rights and agreed to answer Deputy Shatzel's questions. As set forth in Deputy Shatzel's alcohol influence report, the defendant allegedly made several statements that she was highly upset about the death of her late husband.

Sergeant Davis charged the defendant with a violation of Vehicle and Traffic Law § 1180 (d) (speed in excess of maximum limit). Deputy Shatzel charged the defendant with violations of Vehicle and Traffic Law § 1192 (2) (driving while intoxicated, per se) and Vehicle and Traffic Law § 1192 (3) (driving while intoxicated).

By notice of motion dated October 8, 2009, the defendant moved to dismiss the charges in furtherance of justice pursuant to Criminal Procedure Law § 170.30 (1) (g) and § 170.40. The defendant's motion was supported by the attorney's affirmation

of Clifford P. Owens, Esq., dated October 7, 2009. The People submitted the written response of Martin J. Anderson, Assistant District Attorney, dated October 18, 2009, in opposition to the defendant's motion. Both parties waived a hearing on the matter.

In support of the defendant's motion, it is alleged that the defendant had endured life shattering events in the months leading up to her arrest on April 9, 2009. Those events allegedly led the defendant to self-medicate and to behave in a fashion that was "the antithesis of her normal behavior prior to said events."

## Analysis

Criminal Procedure Law § 170.40 (1) gives a court the authority to dismiss an information, a simplified traffic information, a prosecutor's information, or a misdemeanor complaint in the interest of justice, even though there may be no basis for dismissal as a matter of law, but where such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration, or circumstance which clearly demonstrates that conviction or prosecution of the defendant would constitute or result in injustice. Although the decision to dismiss an information lies within the discretion of the trial judge, that discretion is not absolute or uncontrolled. (*People v Wingard*, 33 NY2d 192 [1973].)

The statute states that, in determining whether such compelling factor, consideration, or circumstance exists, the court must, to the extent applicable, examine and consider, individually and collectively, the following factors:

"(a) the seriousness and circumstances of the offense;

"(b) the extent of harm caused by the offense;

"(c) the evidence of guilt, whether admissible or inadmissible at trial;

"(d) the history, character and condition of the defendant;

"(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;

"(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;

"(g) the impact of a dismissal on the safety or

welfare of the community;

"(h) the impact of a dismissal upon the confidence of the public in the criminal justice system;

"(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;

"(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose." (CPL 170.40 [1] [a]-[j].)

When deciding a motion to dismiss in the interest of justice, it is not necessary to engage in a point-by-point "catechistic on-the-record discussion" of all 10 factors listed under Criminal Procedure Law § 170.40 (1). (*See People v Rickert*, 58 NY2d 122, 128 [1983].) Where the trial court examines and considers the applicable statutory factors, the decision lies within the discretion of the trial court. (*See e.g. People v Spagnola*, 19 Misc 3d 16 [App Term, 2d Dept 2008].)

Prior to the offenses charged in this matter, the defendant endured a series of misfortunes through no fault of her own. On December 1, 2007, the defendant's husband was shot to death while hunting in the Southern Tier of New York State. Shortly thereafter, in February of 2008, the defendant suffered a miscarriage of her deceased husband's baby. During the spring of 2008, a criminal investigation was conducted regarding the death of the defendant's husband, whereby it was determined that his death was the result of a homicide. In June of 2008, the defendant's stepson, whom the defendant had helped raise for more than four years, was removed from the defendant's household due to the child's misconduct. In March of 2009, the suspect accused of killing the defendant's husband was acquitted of homicide. The acquittal resulted in the defendant losing all faith in the criminal justice system, and even in God.

The following month, April of 2009, the defendant was arrested for DWI, which was her first offense, and her first and only contact with the criminal justice system. Since the time of her arrest, the defendant has ceased drinking alcohol, and she has become reacquainted with her faith and church, both of which discourage even moderate use of alcohol.

The defendant requested that the court focus on six of the factors set forth in CPL 170.40 (1) in determining this motion. Specifically, the defendant asserted that there was no harm caused by the offenses charged. (CPL 170.40 [1] [b].) The de-

fendant has no criminal record. She is a mother, wife, student, and religious person. (CPL 170.40 [1] [d].) There is no purpose in further punishing the defendant, inasmuch as she has already suffered. (CPL 170.40 [1] [f].) A dismissal would not impact the welfare of the community. (CPL 170.40 [1] [g].) A dismissal under the circumstances set forth herein would not undermine the confidence of the public in the criminal justice system. (CPL 170.40 [1] [h].) Finally, the defendant asserts that it was a particular series of misfortunes which led the defendant to commit the acts leading to her arrest. She now is sober, embracing her religion, and excelling in her studies. (CPL 170.40 [1] [i].)

In response, the People have conceded that no one was injured as a result of the defendant's alleged conduct. The People argue, however, that the incident was serious, and that there is substantial evidence of the defendant's guilt in this matter. The People further assert that dismissal of the charges would undermine the seriousness of the charges, the importance of public safety, the public confidence in the criminal justice system, and the complainants' attitudes in regard to the handling of DWI matters by the criminal justice system.

This court recognizes the serious nature of driving while intoxicated (CPL 170.40 [1] [a]). Furthermore, there is, arguably, evidence of the defendant's guilt (CPL 170.40 [1] [c]), and there is no evidence of exceptionally serious misconduct of law enforcement personnel (CPL 170.40 [1] [e]).

Nevertheless, in weighing each of the factors individually, and collectively, as outlined in the statute, this court hereby finds that a dismissal of the charges against the defendant in the interest of justice is warranted. (*People v Harper*, 186 Misc 2d 750 [Rochester City Ct 2000].) The defendant's actions produced little or no harm to anyone, and no motor vehicle accident was involved. The defendant has no prior criminal record. There is relatively little useful result that will come of a sentence authorized from the offense, and there has been no showing that dismissing the case will harm the public safety or confidence in the criminal justice system. Accordingly, the defendant has alleged sufficient, compelling facts to constitute a legal basis supporting the motion, and conviction or prosecution of the defendant would constitute, and result in injustice.

## Conclusion

In light of the foregoing, this court finds that the facts of this case warrant dismissal, in furtherance of justice, of all charges against the defendant, Lisa H. Haugh, now pending before this court in the above-captioned matter.