OPINION OF THE COURT
Michelle A. Armstrong, J.
The defendant moves, by omnibus motion for: (1) dismissal of the accusatory instrument as facially insufficient; (2) dismissal of the accusatory instrument pursuant to CPL 30.30; and (3) reservation of rights. Defendant’s motions are decided as follows:
Defendant stands charged with a single count of possession of graffiti instruments (Penal Law § 145.65).[1] The accusatory instrument alleges that on or about February 17, 2015, between 11:10 p.m. and 11:14 p.m., in back of 102-44 Atlantic Avenue, County of Queens, State of New York, the defendant committed the charged offenses as follows:
“Deponent states that at the above mentioned date, time, and place of occurrence, he observed the defendant, Kevin Gusqui, writing the letters ‘SABBS’ with white spray paint on a brick wall at said location.
“Deponent further states that he also observed an additional graffiti tag of the letters ‘SABBS’ in fresh white spray paint on said wall.
“Deponent further states that he recovered a white spray paint can from the defendant’s hand.
“Deponent further states that he observed fresh white spray paint on both of the defendant’s hands. “Deponent further states that he is informed by the complainant, Ignatius Isidore, who is the manager for Radio Shack, that he is the legal custodian of *359 the above mentioned location and that the defendant did not have permission or authority to damage said property” (court file).
To be sufficient on its face, a misdemeanor information must contain nonhearsay factual allegations providing reasonable cause to believe that the defendant committed the offense(s) charged; and which establish, if true, every element of the offense(s) charged (CPL 100.15 [3]; 100.40 [1] [b], [c]). The reasonable cause standard is met by allegations of an evidentiary nature that disclose facts or circumstances which, collectively, bear such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense(s) was committed and that defendant committed it (CPL 70.10 [2]). When conducting a sufficiency review, the court must consider the factual allegations in the accusatory instrument in tandem with those of any supporting depositions or other nonhearsay documents which may accompany it (CPL 100.40 [1] [b]). An information which fails to satisfy this prima facie case requirement is jurisdictionally defective (CPL 170.30, 170.35; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986]).
This court recognizes that a prima facie case requirement is not the same as the burden of proof, beyond a reasonable doubt, required at trial (People v Henderson, 92 NY2d 677, 680 [1999]). “So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, [it] should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]; People v Konieczny, 2 NY3d 569 [2004]). Moreover, the Court of Appeals, in People v Allen (92 NY2d 378, 385 [1998]), held that at the pleading stage, all that is required are factual allegations that are sufficiently evidentiary in character and which tend to support the charges. While the court must view the facts in the light most favorable to the People, it is not required to abandon common sense or the significance of the alleged conduct (People v Gibble, 2 Misc 3d 510, 512 [Crim Ct, NY County 2003]).
Defendant argues that the accusatory instrument is facially insufficient because it fails to establish a prima facie case that the defendant lacked permission or authority to etch or otherwise mark the wall at the above location in support of the possession of graffiti instruments count. Conversely, the People *360 erroneously contend that lack of permission or authority to mark on the property of another is not a material element of the possession of graffiti instrument charge.
A person is guilty of possession of graffiti instruments (Penal Law § 145.65) when, with intent to damage property, “he possesses any tool, instrument, ... or other compound designed ... to etch, paint, cover ... or otherwise place a mark upon a piece of property,” knowing he has no permission or authority to do so. The term “possess” means to have physical possession or otherwise to exercise dominion or control over tangible property (Penal Law § 10.00 [8]).
First, this court notes the People’s concession that they have not filed the requisite supporting deposition from the named complainant to remove the hearsay allegations in the accusatory instrument; to wit, that defendant had no permission or authority to mark or spray-paint the property of Ignatius Isidore. As such, the sole issue before this court is whether the lack of permission or authority to damage property is a material element of the possession of graffiti instruments count. This court finds that it is.
It is well settled, as a matter of statutory interpretation, that a court must first look to the legislative history underlying a statute to determine the legislature’s intent in its promulgation (People v Torres, 184 Misc 2d 429 [Crim Ct, NY County 2000]; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998], quoting Tompkins v Hunter, 149 NY 117, 122-123 [1896]). A review of the legislative history underlying the making graffiti (Penal Law § 145.60 [2]) and possession of graffiti instruments (Penal Law § 145.65) statutes reveal that they were drafted to combat “vandalism” of private and/or public property (L 1992, ch 458, § 1, eff Nov. 1, 1992). In fact, the legislature declared the public policy concerns underlying the statute as follows: “[G]raffiti . . . poses a serious problem for urban centers and especially the city of New York. The unabated proliferation of graffiti is a physical blight upon the urban landscape and costs taxpayers, merchants and homeowners millions of dollars to remove and repair” (id.). The term vandalism has a clear and unambiguous meaning which conveys the legislative intent to criminalize a deliberate and malicious act performed with intent to destroy or damage the property of another without such person’s permission or con *361 sent.[2] As such, the mere possession of an item which qualifies as a graffiti instrument or tool does not give rise to criminal culpability. It is the possession of such an instrument under circumstances evincing an intent to use the same to damage (or vandalize) the property of another to which criminal liability attaches (see Penal Law § 145.65; People v Karina A., 102 AD3d 446 [1st Dept 2013]).
Whether defendant’s conduct results in actual damage to the property of another is not dispositive of the mens rea requirement for commission of possession of graffiti instruments[3] (People v Vinolas, 174 Misc 2d 740, 745 [Crim Ct, NY County 1997]). Rather, so long as the nonhearsay factual allegations of the accusatory instrument establish that defendant acted with intent to do so, without the owner’s consent and/or any reasonable ground to believe that he had such permission or consent, then the pleadings are sufficient to meet the prima facie case requirement under the statute (People v Karina A.; People v Diaz, 10 Misc 3d 1074[A], 2005 NY Slip Op 52236[U] [Crim Ct, NY County 2005]; People v Vinolas at 745; People v Thomas, 47 Misc 3d 473 [Ithaca City Ct 2014]). Hence, lack of permission or authority to etch or mark on the property of another is a material element of the crime.
This court can envision countless scenarios in which an owner of property might solicit the services of an artist or person to paint or etch markings on his/her own property (i.e., for advertising purposes, a memorial mural, etc.). Certainly, in such instance, said markings would not constitute damage to property when they are made for the benefit of the owner and with his/her consent. It necessarily follows that in such circumstance, one who possesses the tools to accomplish such task would likewise be guilty of no crime.
Whereas here, the People have failed to timely file a supporting deposition from the complainant to establish reasonable cause to believe that the defendant lacked permission and/or authority to spray-paint the subject property, the accusatory instrument is fatally defective. Moreover, the People have conceded, and this court finds, that they have exceeded the *362 statutory period within which to file such supporting deposition pursuant to CPL 30.30[4] (see court file, record of court action, May 19, 2015). Accordingly, the accusatory instrument is dismissed as jurisdictionally defective and on ground of a statutory speedy trial violation.

. The original accusatory instrument also included the charges of criminal mischief in the fourth degree (Penal Law § 145.00 [1]), and making graffiti (Penal Law § 145.60 [2]). On May 19, 2015, the People conceded dismissal of these two counts pursuant to CPL 30.30, for failure to file the requisite supporting deposition removing the hearsay allegations pertaining to defendant’s lack of permission and authority to engage in the alleged conduct.

. See Oxford English Dictionary (Oxford University Press 2015), vandalism.

. Cf. criminal mischief in the fourth degree statute pursuant to Penal Law § 145.00 (actual damage is a material element of the charge); see also Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 145.60 at 139-140 (1999 ed).

. Defendant was arraigned on the accusatory instrument on February 18, 2015. To date, well over 90 days have elapsed since commencement of this action.