People v Gadson (2025 NY Slip Op 50199(U))

[*1]

People v Gadson (Eric)

2025 NY Slip Op 50199(U) [85 Misc 3d 131(A)]

Decided on February 18, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 18, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570990/18

The People of the State of New
York, Respondent,

against

Eric Gadson,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Laurie Peterson, J.), rendered September 26, 2018, after a nonjury
trial, convicting him of attempted assault in the third degree and harassment in the
second degree, and imposing sentence.

Per Curiam.

Judgment of conviction (Laurie Peterson, J.), rendered September 26, 2018,
affirmed.

The verdict convicting defendant of attempted assault in the third degree (see
Penal Law §§ 110.00, 120.00 [1]) was not against the weight of the evidence
(see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for
disturbing the court's credibility determinations. The totality of the evidence regarding
events before, during and after the crime, supports the conclusion that defendant struck
the victim in the face with a closed fist, and that when defendant did so, he intended to
cause physical injury (see
Matter of Edward H., 61 AD3d 473 [2009]; Matter of Marcel F., 233
AD2d 442, 442-443 [1996]). A defendant may be presumed to intend the natural and
probable consequences of his actions, and intent may be inferred from the totality of
conduct of the accused (see
People v Mahoney, 6 AD3d 1104 [2004], lv denied 3 NY3d 660 [2004];
see generally People v Getch, 50 NY2d 456, 465 [1980]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: February 18, 2025