People v Lythcott (2025 NY Slip Op 52125(U))

[*1]

People v Lythcott

2025 NY Slip Op 52125(U)

Decided on December 31, 2025

Criminal Court Of The City Of New York, Bronx County

Goodwin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 31, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

againstT. Lythcott, Defendant.

Docket No. CR-029876-24BX

For the Defendant: 
Cesar Herrera CamposThe Legal Aid SocietyFor the People: 
Bronx ADA Daniel Beloosesky

David L. Goodwin, J.

Defendant T. Lythcott [FN1]
was originally charged with, among other things, stealing a cellphone and purse from a school bus driver. Via a superseding information, the People added a count of fourth-degree criminal mischief, P.L. § 145.00(1), that charged intentional damage of property, contending that when Lythcott grabbed the purse off the bus's armrest, she caused the purse's strap to disconnect and fall off.
In the relevant branch of her counseled omnibus motion, Lythcott argues that this new criminal mischief charge is facially insufficient, because it is not supported by facts that show either an intent to damage the purse or that the purse was actually damaged. As explained below, because neither the facts nor reasonable inferences drawn from those facts establish that she intended to damage the purse, the branch of her motion that seeks dismissal is GRANTED and the count of fourth-degree criminal mischief is DISMISSED. Huntley/Wade/Dunaway hearings are ORDERED.I. BackgroundLythcott was originally charged via a November 21, 2025 accusatory instrument with third-degree assault (P.L. § 120.00(1)), petit larceny (P.L. § 155.25), and second-degree harassment (P.L. § 240.26(1)), arising out of an alleged November 20 argument with two employees of a school bus company—an argument that, according to the two complaining [*2]witnesses, turned physical. The petit larceny count alleged that Lythcott took the second complaining witness's purse and cellphone during the dispute:
Deponent is [informed] by [CW2], that she observed defendant take one [] Bus Company Cell phone, and [CW2's] purse and fled the area. Deponent is further informed by [CW2], that the contents of said purse included her Commercial Driver's Licen[s]e, Credit Cards, medical information, car keys, house keys, Apple AirPods, and forty dollars in United States Currency ($40).
Original Accusatory Instrument at 1—2.A little less than three months later, the People filed a superseding information containing new charges. This superseding instrument added an additional count of second-degree harassment alongside new counts of endangering the welfare of a child (P.L. § 260.10(1))—one of the youthful bus passengers had apparently become upset upon witnessing the fight—and fourth-degree criminal mischief (P.L. § 145.00(1)).[FN2]

The added criminal mischief charge was based on an expanded version of the purse-and-phone incident. According to the superseding information, the purse's strap had "disconnect[ed]" from the rest of the purse when Lythcott "grab[bed]" it:
[CW1] states that she observed defendant grab and take the [] Bus Company cell phone, that was assigned to bus driver [CW2], from a charging port in the front of the bus. [CW1] is informed by [CW2] that she observed informant [sic; probably "defendant"] grab and take her purse, which was located on the arm rest of the driver's seat of the bus. [CW1] is further informed by [CW2] that as a result of the defendant's grabbing the purse, defendant caused the strap of the purse to disconnect from the purse and fall off. [CW1] is further informed by [CW2] that defendant then fled the area.Superseding Information at 2 (emphasis added).II. The Parties' Facial Sufficiency Arguments
In her counseled omnibus motion, Lythcott argues that the fourth-degree criminal mischief charge is facially insufficient and must be dismissed. Specifically, she contends the superseding information fails to establish that she intended to damage the purse or that the purse was actually damaged. For the latter point, she emphasizes that purses and handbags can have detachable straps, and the use of the word "disconnect" implies that the strap here detached instead of being torn off. See Defense's Mot. at 6.
The People respond that the allegations of the superseding information, and the inferences drawn from those allegations, establish that Lythcott intentionally damaged the purse. In particular, the language employed—that she "grab[bed]" the purse and "caused the strap to disconnect"—suggests that Lythcott used "an atypical amount of force" because purse straps do not usually disconnect, permitting the reasonable inference that she intended to damage the purse. People's Resp. at 2—4. The People acknowledge that Lythcott's reading of "disconnect" is reasonable, but that the more plausible interpretation—and the one required by the facial sufficiency standard, which construes all facts and inferences in favor of the People—is that the strap "was permanently severed from the purse." People's Resp. at 3. For their intent argument, [*3]the People analogize to People v Vinolas, 174 Misc 2d 740, 744 (N.Y.C. Crim. Ct., NY Co. 1997), in which the defendant's act of "applying glue to [a] wall and covering the wall with advertisements" sufficed at the pleading stage to establish intent to damage the wall.
Lythcott did not reply.
III. Facial Sufficiency Standard
Since hearsay is not at issue in this case, the criminal mischief count is facially sufficient if the facts contained in the misdemeanor information, accepted as true and with all reasonable inferences drawn in the People's favor, establish every element of the charge while providing reasonable cause to believe Lythcott committed it. See People v. Ocasio, 28 NY3d 178, 180 (2016); People v. Jackson, 18 NY3d 738, 741, 747 (2012). "Reasonable cause" is synonymous with probable cause, People v. Maldonado, 86 NY2d 631, 635 (1995), and requires a showing that would convince an ordinary person that the offense was likely committed, C.P.L. § 70.10(2); see also United States v. Gaskin, 364 F.3d 438, 457 (2d Cir. 2004) (explaining, in the context of a search, that probable cause requires a "fair probability" that contraband will be found). The allegations and pleaded facts must be read in a fair and not overly restrictive or technical way, People v. Hatton, 26 NY3d 364, 370 (2015), and be evaluated in the context of "common sense [and] the significance of the conduct alleged," People v. Gonzalez, 184 Misc 2d 262, 264 (App. Term, 1st Dept. 2000).
This pleading burden for a misdemeanor information is less demanding than the sufficiency-of-the-evidence standard that applies to a trial order of dismissal, and is far more forgiving that the beyond-a-reasonable-doubt burden that the People bear at trial. People v. Smalls, 26 NY3d 1064, 1066 (2015); People v. Parsons, 69 Misc 3d 11, 14 (App. Term, 1st Dept. 2020). At the same time, however, it is a burden; while reasonable inferences must be drawn in the People's favor, a court may not "engage[] in impermissible speculation to fill in the gaps left open by" the articulated facts. People v. Mejicanos, 40 Misc 3d 23, 26 (App. Term, 2d, 11th, & 13th Jud. Dists. 2013).
IV. Discussion
Although Lythcott argues that the criminal mischief count is deficient as to both intent and effect, the former is enough to resolve her challenge, as the facts do not establish her intent to damage the purse. Accordingly, the criminal mischief count is facially insufficient and will be dismissed.
Under the charged subsection, a person is guilty of fourth-degree criminal mischief when "having no right to do so nor any reasonable ground to believe that he or she has such right," she "intentionally damages property of another person." P.L. § 145.00(1). "Damage" in this context need only be "slight," People v. Hills, 95 NY2d 947, 949 (2000), and means harm that lowers the value or efficiency of property, People v. Collins, 288 AD2d 756, 758 (3d Dept. 2001).
But damage must also be accompanied by the requisite intent. A person is guilty of criminal mischief only if she possesses "a specific intent to damage the property of another," People v. Roberts, 140 AD2d 961, 961 (4th Dept. 1988), which means a "conscious objective [] to cause such result," P.L. § 15.05(1). In other words, a defendant must intend to damage the property in question, as the intent to cause some other kind of harm is not enough. See People v. Valentine, 48 Misc 3d 130(A), 2015 NY Slip Op. 51004(U), at *1 (App. Term, 1st Dept. 2015) (reversing a criminal mischief trial verdict when the evidence supported an intent to harm the complaining witness, not her property). The requisite intent may be inferred from both conduct and surrounding circumstances. Hatton, 26 NY3d at 370. And a person can be presumed to [*4]intend the "natural and probable consequences of" her actions. People v. Gadson, 85 Misc 3d 131(A), 2025 NY Slip Op. 50199(U), at *1 (App. Term, 1st Dept. 2025).
Applying that standard here, the facts of this misdemeanor information do not establish, either directly or via reasonable inference, that Lythcott acted with an intent to damage the purse.
The superseding information reflects that Lythcott grabbed the purse, which was located on the driver's side armrest, and "as a result of" doing so "caused" the strap to "disconnect." Superseding Information at 2. The People's argument to the contrary notwithstanding, the words "grab" and "disconnect" do not imply an atypical amount or force, nor does the phrase "caused the strap to disconnect" suggest an inherently violent or forceful act (unlike words like "tore" or "severed"). Rather, this particular phrasing—"as a result" of the grabbing, she "caused" the strap to disconnect—is passive, evoking more a happenstance outcome than an intentional one, and in turn suggesting that the results do not naturally follow from the act alleged. Cf. Crum v. Jackson Nat'l Life Ins. Co., 880 S.E.2d 205, 213 & n.8 (Ga. 2022) (describing statutory language reaching those who "caused to be procured" a life insurance contract as "written in passive voice"). Thus, while the alleged conduct may be consistent with the intent to take the purse in a hurried fashion, an intent to damage the purse is supported only by speculation, not reasonable inference, as the strap disconnecting does not appear to be the "natural and probable consequence[]" of Lythcott's act of grabbing the purse. Gadson, 2025 NY Slip Op. 50199(U), at *1.
The People's reliance to the contrary on Vinolas is not persuasive. The defendant in Vinolas applied glue to a wall so that he could affix posters, which was deemed enough to establish his intent to damage the wall for facial sufficiency purposes. See Vinolas, 174 Misc 2d at 744. As a threshold issue, Vinolas assessed the facial sufficiency of a misdemeanor complaint, which requires only reasonable cause; the misdemeanor information prima facie requirement of establishing all elements is "more demanding" than that. Smalls, 26 NY3d at 1066. In any event, and assuming Vinolas was correctly decided in the first place,[FN3]
the closer analogue to this case would be if Lythcott cut or sliced the purse off the armrest, stealing the purse while also damaging it, or had even tugged repeatedly on the purse while it was caught fast on the armrest, which might permit the inference that she had the dual intent to both take it and damage it in the process. The actual allegations here fall short by comparison, especially as contrasted with those that have found to be facially sufficient by other courts. Compare with People v. Floyd, 81 Misc 3d 1203(A), 2023 NY Slip Op. 51221(U), at *3 (N.Y.C. Crim. Ct., Bronx Co. 2023) (Bowen, J.) (collecting cases that showed harm caused to property).
Moreover, while the People correctly observe that the act of grabbing the purse was but one of "a series of" potentially criminal actions, People's Resp. at 3, the specific intent mens rea requires an actual conscious objective to damage property, see P.L. § 15.05(1)—in other words, [*5]more than just a generalized criminal intent resulting in property damage. Courts regularly dismiss cases and counts, even at the facial sufficiency stage, where property damage appears to be incidental. For instance, in People v. Toro, 61 Misc 3d 26, 27 (App. Term, 2d, 11th, & 13th Jud. Dists. 2018), allegations that the defendant "slapped the complainant in the face . . . as a result of which the complainant's cell phone [] dropped to the floor and its screen [] shattered" were insufficient to establish intent because they did not permit the reasonable inference of a "conscious objective [] to damage the complainant's phone." See also Roberts, 140 AD2d at 961 (concluding that intent was not established at trial because intent to harm a person does not establish intent to damage property "simply because property is damaged in the course of the attack").
In sum, neither the facts of the instrument nor the reasonable inferences drawn from those facts establish that Lythcott acted with the intent to damage the complaining witness's purse, falling short of both reasonable cause—a mere possibility is not a "fair probability," Gaskin, 364 F.3d at 457—and a prima facie case on the intent element. She might have behaved recklessly, which is a mental state applicable to a different subsection of fourth-degree criminal mischief, see P.L. § 145.00(3), as well as the related charge of reckless endangerment of property, see P.L. § 145.25, but the People did not charge Lythcott with either of those offenses. The count they did charge is facially insufficient and will be dismissed.[FN4]

* * *
As set forth above, the branch of the motion seeking dismissal on grounds of facial insufficiency is GRANTED and the count of fourth-degree criminal mischief is DISMISSED.
Lythcott also seeks Huntley/Wade/Dunaway hearings—that is, to suppress any statements and identifications made to law enforcement for which the People served proper § 710.30(1)(a) and § 710.30(1)(b) notice. Huntley/Wade/Dunaway hearings are GRANTED; the hearing court may also decide whether the facts establish grounds for a Rodriguez hearing on confirmatory identifications.
Any Sandoval/Molineux/Ventimiglia/preclusion issues are referred to the trial court. Any request for relief not specifically mentioned is DENIED.[FN5]

Dated: December 31, 2025Bronx, NYDavid L. GoodwinJudge of the Criminal Court

Footnotes

Footnote 1:The version of this decision submitted for electronic publication has been lightly redacted to remove certain identifying information.

Footnote 2:"A person is guilty of criminal mischief in the fourth degree when, having no right to do so nor any reasonable ground to believe that he or she has such right, he or she intentionally damages property of another person." P.L. § 145.00(1) (capitalization modified).

Footnote 3:It is worth noting that the defendant in Vinolas was also charged with unlawfully posting advertisements under P.L. § 140.30(1), a noncriminal violation that was adequately made out by the allegations. See Vinolas, 174 Misc 2d at 743. The criminal mischief charge was presumably intended to elevate the alleged conduct to a misdemeanor. See also People v. Constantino, 53 Misc 3d 131(A), 2016 NY Slip Op. 51380(U), at *1 (App. Term, 1st Dept. 2016) (concluding that graffiti on pillars of Tweed Courthouse and City Hall Park sufficed to show damage and intent to damage under the statute).

Footnote 4:Because Lythcott prevails on intent, there is no need to determine whether the damage element of fourth-degree criminal mischief was satisfied. Moreover, the dismissal of the added count probably does not affect this case to any significant degree, as the charges still include at least one misdemeanor offense relevant to each of the two complaining witnesses.

Footnote 5:Although the People have supplied a bill of particulars, see People's Resp. at 10—11, the petit larceny count does not quite specify which property—the purse alone, purse and contents, or purse contents—was the relevant target for the larceny. Neither party has addressed whether this poses a duplicity or unit-of-prosecution issue, so it is flagged solely out of an abundance of caution.